SMALLWOOD ᴇᴛ ᴀʟ. *v.* GALLARDO, TREASURER
OF PORTO RICO.

ORDONEZ ᴇᴛ ᴀʟ. *v.* SAME.

INSULAR MOTOR CORPORATION *v.* SAME.

VALDES ᴇᴛ ᴀʟ. *v.* SAME.

FINLAY, WAYMOUTH & LEE, INC. *v.* SAME.

PORTILLA ᴇᴛ ᴀʟ. *v.* SAME.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE
FIRST CIRCUIT.

Nos. 211, 212, 213, 214, 215, 216.   Argued October 5, 1927.—Decided
October 24, 1927.

1. To "maintain" a suit is to uphold, continue on foot and keep from
   collapse a suit already begun.  P. 61.
2. There is no vested right to an injunction against illegal taxes, and
   bringing a bill does not create one.  P. 61.
3. In the Act of March 4, 1927, amending the Act to provide a civil
   government for Porto Rico, the provision that no suit for the pur-
   pose of restraining the assessment or collection of any tax imposed
   by the laws of Porto Rico shall be maintained in the District Court
   of the United States for Porto. Rico, applies to suits which were
   decided in the District Court and Circuit Court of Appeals before
   the date of the Act and afterwards brought here by certiorari, and
   makes necessary that the decrees, which dismissed the bills on the
   merits, be reversed with directions to dismiss for want of jurisdic-
   tion.  P. 61.
4. A court which has been deprived by statute of jurisdiction over a
   pending suit to enjoin a tax has no jurisdiction to dispose of money
   deposited in the registry by the plaintiff to secure the tax except
   to return it to the depositor.  P. 62.
16 F. (2d) 545, reversed.

CERTIORARI, 274 U. S. 732, to review a decision of the
Circuit Court of Appeals for the First Circuit, which af-
firmed decrees of the United States District Court for

Porto Rico dismissing the bills in suits to enjoin collection of taxes. The decision of the court below is reported *sub nom. Porto Rico Tax Appeals,* 16 F. (2d) 545.

*Mr. Francis G. Caffey* for petitioners in Nos. 211, 212 and 213.

The Act of March 4, 1927, did not affect cases pending at the time of its passage. The language does not apply to suits brought before that date. *Gallardo* v. *Porto Rico Ry.,* 18 F. (2d) 918; *Moon* v. *Durden,* 2 Exch. 22; *Knight* v. *Lee,* [1893] 1 Q. B. 41; *Burbank* v. *Auburn,* 31 Me. 590; *Delta Bag Co.* v. *Kearns,* 160 Ill. App. 93; *Smith* v. *Lyon,* 44 Conn. 175; *Gumpper* v. *Waterbury Trac. Co.,* 68 Conn. 424; *Bruenn* v. *School Dist.,* 101 Wash. 374; *Creditors Co.* v. *Rossi,* 26 Cal. App. 725; *Grasso* v. *Holbrook Co.,* 102 App. Div. 49; *Union Bank* v. *Brown,* 5 Ohio C. D. 94. There is a presumption that a statute does not apply to a case pending at the time of its enactment. *McEwen* v. *Den,* 24 How. 242; *Twenty Per Cent. Cases,* 20 Wall. 179; *Shwab* v. *Doyle,* 258 U. S. 529; *Lewellyn* v. *Frick,* 268 U. S. 238; *United States* v. *St. Louis &c. Ry.,* 270 U. S. 1.

See further, *Dash* v. *VanKleeck,* 7 Johns. 477; *Gould* v. *Hayes,* 19 Ala. 438; *Gerry* v. *Stoneham,* 1 Allen 319; *Dickens* v. *Dickens,* 174 Ala. 305; *Wallace* v. *Oregon S. L. R. R.,* 16 Idaho 103; *Rogers* v. *Greenbush,* 58 Me. 395; *Auditor* v. *Chandler,* 108 Mich. 569; *Trist* v. *Cabezas,* 2 Rob. 780; 18 Abb. Pr. 143; *Bates* v. *Stearns,* 23 Wend. 482; *Merwin* v. *Ballard,* 66 N. C. 398; *Lilly* v. *Purcell,* 78 N. C. 82; *Newson* v. *Greenwood,* 4 Ore. 119; *Fitzpatrick* v. *Boylan,* 57 N. Y. 433.

To justify construing the language of a statute as retroactive in effect, its language must be " imperative," *United States* v. *Heth,* 3 Cr. 413; *Auffm'ordt* v. *Rasin,* 102 U. S. 622; *U. S. Fidelity Co.* v. *Struthers Co.,* 209 U. S. 314; " indispensable," *Reynolds* v. *McArthur,* 2 Pet. 434; " irresistible," *Carroll* v. *Lessee,* 16 How. 281; " neces-

sary," *Harvey* v. *Tyler,* 2 Wall. 347; and "manifest," *Shreveport* v. *Cole,* 129 U. S. 43. See especially, *Twenty Per Cent. Cases,* 20 Wall. 179; *United States* v. *St. Louis &c. Ry.,* 270 U. S. 1; *White* v. *United States,* 270 U. S. 175.

There is nothing in the general situation, or in the apparent purpose, or in the language, to indicate an intention by Congress to apply it to cases brought before the date of its enactment. Nor was anything said in Congress, during the consideration of the bill revealing an expectation that such cases would be swept away. Cong. Rec., 69th Cong., 2d Sess., p. 5052.

The word "maintain" is at least of ambiguous import. As applied to legal actions it may mean support, hold, continue, commence, institute, or begin. *Boutiller* v. *Milwaukee,* 8 Minn. 97; *Smith* v. *Lyon,* 44 Conn. 175; *Nat. M. Co.* v. *Dist. Ct.,* 34 Nev. 67.

If it were now held that the Act of March 4, 1927, destroyed the jurisdiction of the District Court for Porto Rico to entertain the present cases and they were abated or dismissed, so far as concerns the accumulated sums in court the taxpayers would, or might, be wholly remediless, even though the tax statutes were later found to be invalid. If citizens were left without remedy in that way, it would deprive them of due process of law. *De Lima* v. *Bidwell,* 182 U. S. 199. Support of the same view is expressed in *Memphis* v. *United States,* 97 U. S. 293; *Pritchard* v. *Norton,* 106 U. S. 124; *Louisiana* v. *Mayor,* 109 U. S. 285; *Ettor* v. *Tacoma,* 228 U. S. 148; *Ochoa* v. *Hernandez,* 230 U. S. 139; *Truax* v. *Corrigan,* 257 U. S. 312. Avoidance of such a consequence, or the existence even of doubt about it, is an additional reason for construing the statute so as not to interfere with pending cases. *Carey* v. *South Dakota,* 250 U. S. 118; *Lewellyn* v. *Frick,* 268 U. S. 238.

If the Act of March 4, 1927, had been in effect when the suits were commenced, it would not have deprived the

District Court for Porto Rico of power to grant the relief sought.

*Mr. Carroll G. Walter* for petitioners in Nos. 214, 215 and 216.

The new statute is inapplicable to pending cases. *Gallardo* v. *Porto Rico Ry.,* 18 F. (2d) 918; *Grasso* v. *Holbrook,* 102 App. Div. 49; *Moon* v. *Durden,* 2 Exch. 22; *Knight* v. *Lee,* [1893] 1 Q. B. 41; *Burbank* v. *Auburn,* 31 Me. 590; *Smith* v. *Lyon,* 44 Conn. 175; *Creditors Co.* v. *Rossi,* 26 Cal. App. 725; *United States* v. *St. Louis Ry.,* 270 U. S. 1; *Hertz* v. *Woodman,* 218 U. S. 205; *Fullerton Co.* v. *Nor. Pac. Ry.,* 266 U. S. 435; *U. S. Fidelity Co.* v. *Struthers Co.,* 209 U. S. 306; *Twenty Per Cent. Cases,* 20 Wall. 179. Rev. Stats. § 13.

It certainly does not affect cases already determined in the District Court, or affect the jurisdiction of this Court to review decrees previously made by the Circuit Court of Appeals.

The perfecting of the appeal transfers the case from the trial court to the appellate court. *Keyser* v. *Farr,* 105 U. S. 265; *Morrin* v. *Lawler,* 91 Fed. 693. Consequently, the prosecution of an appeal or writ of certiorari cannot be regarded as the maintenance of a suit in the trial court. Neither appeals nor writs of error ordinarily are regarded as within the purview of statutes affecting " actions " or " suits." 3 C. J. 305, 330. Neither does such a statute prohibit the District Court from giving effect to a judgment or decree of the Circuit Court of Appeals or of this Court. *White* v. *United States,* 270 U. S. 175.

The cases come within the doctrine of *Hill* v. *Wallace,* 259 U. S. 44. If Rev. Stats. § 3224 would not prevent the maintenance of these suits if the taxes involved were imposed by the United States, then the Act of March 4, 1927, does not prevent their maintenance even if construed as applicable to pending cases. To construe the Act as depriving petitioners of the right to relief in

these cases would render it unconstitutional and void, because as so construed the statute would deprive them of all remedy.

A case is said to become moot when subsequent events destroy the actuality of the controversy, and make a decision of the questions presented unnecessary to a determination of the rights of the parties. *United States* v. *Hamburg Co.*, 239 U. S. 466; *Berry* v. *Davis*, 242 U. S. 468; *Pub. Util. Commrs.* v. *Compania Gen.*, 249 U. S. 425. The actuality of the present controversy certainly is not destroyed by the Act of March 4, 1927. Whether or not petitioners must pay the taxes imposed by the tax statute of August 20, 1925, and whether they may be fined and imprisoned and their property seized if they make sales without paying such taxes, is still a live controversy, not in any way affected by the Act of March 4th, and a decision of the questions presented is still necessary to a determination of their rights. Whether or not they are entitled to a return of their money, now in the custody and under the control of the District Court, is far from being a moot or academic question. It presents a controversy of "present actuality."

*Mr. William Cattron Rigby*, with whom *Mr. George C. Butte*, Attorney General of Porto Rico, was on the brief, for respondent.

Mr. JUSTICE HOLMES delivered the opinion of the Court.

These are suits brought in the District Court of the United States for Porto Rico to restrain the collection of taxes imposed by the laws of Porto Rico. On January 7, 1927, the Circuit Court of Appeals affirmed decrees of the District Court dismissing the bills. On March 4, 1927, by c. 503, § 7, of the Act of that year, Congress provided that § 48 of the Act to provide a civil government for Porto Rico should be amended to read as follows: "Sec. 48. That the Supreme and District Courts of Porto Rico and the respective judges thereof may grant writs of habeas

corpus in all cases in which the same are grantable by the judges of the District Courts of the United States, and the District Courts may grant writs of mandamus in all proper cases.

" That no suit for the purpose of restraining the assessment or collection of any tax imposed by the laws of Porto Rico shall be maintained in the District Court of the United States for Porto Rico." 44 Stats. 1418, 1421.

Writs of certiorari were granted by this Court on May 16, 1927, but argument was ordered on 'the question whether the cases had not become moot by virtue of that Act.

Apart from a natural inclination to read them more narrowly, there would seem to be no doubt that the words of the statute covered these cases. To maintain a suit is to uphold, continue on foot and keep from collapse a suit already begun. And although the Circuit Court of Appeals in *Gallardo* v. *Porto Rico Ry., Light & Power Co.*, 18 F. (2d) 918, 923, with some color of authority has held that the Act does not apply, we cannot accept that view. To apply the statute to present suits is not to give it retrospective effect but to take it literally and to carry out the policy that it embodies of preventing the Island from having its revenues held up by injunction; a policy no less applicable to these suits than to those begun at a later day, and a general policy of our law. Rev. Stat. § 3224. So interpreted the Act as little interferes with existing rights of the petitioners as it does with those of future litigants. There is no vested right to an injunction against collecting illegal taxes and bringing these bills did not create one. *Hallowell* v. *Commons,* 239 U. S. 506, 509. This statute is not like a provision that no action shall be brought upon a contract previously valid, which in substance would take away a vested right if held to govern contracts then in force. It does not even attempt to validate previously unlawful taxes. It simply makes it plain that these cases are not excepted from the well

known general rule against injunctions. It does not leave the taxpayer without power to resist an unlawful tax, whatever the difficulties in the way of resisting it.

The sequence of the clause in the amendment after others giving authority to grant writs of habeas corpus and mandamus shows that it puts a limit to the power of the Court. See *Dodge* v. *Osborn*, 240 U. S. 118, 119. That is a question of construction and common sense. *Fauntleroy* v. *Lum*, 210 U. S. 230, 235. Therefore when the District Court required a deposit in the registry of a sum to secure payment of the tax in dispute, the money should be returned as there is no jurisdiction to dispose of it otherwise.

Of course it does not matter that these cases had gone to a higher Court. When the root is cut the branches fall. *McNulty* v. *Batty*, 10 How. 72.

As the bills were dismissed upon the merits (with partial injunctions in *Valdes* v. *Gallardo* and *Finlay, Waymouth & Lee, Inc.* v. *Gallardo*) the decrees should be reversed and the cases sent back with directions to dismiss for want of jurisdiction.

> *Decrees reversed and bills ordered to be dismissed.*
>
> *Money deposited in Court for payment of taxes in case of adverse decision to be returned.*