**GONZALEZ v. GALLARDO, Treasurer. CORTES v. SAME. VALCOURT v. SAME.**

Circuit Court of Appeals, First Circuit. April 1, 1929.

Nos. 2283, 2284, 2304.

O. B. Frazer, of San Juan, Porto Rico, for appellants.

William Cattron Rigby, of Washington, D. C. (James R. Beverley, Atty. Gen., and Edward A. Kreger, of Washington, D. C., of counsel), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. By these three bills in equity, heard together, the plaintiffs seek to enjoin the enforcement of the Porto Rican Coffee Inspection Act of April 19, 1928, amending the prior Act of June 5, 1919, before this court in Gallardo, Treas., v. Valcourt Questell, 29 F.(2d) 897. For present purposes, the act of 1928 is indistinguishable from the act of 1919. The three bills are also indistinguishable, except that in No. 2284 Cortes alleges that he imports coffee from the Dominican Republic, as well as from continental United States.

There is no allegation nor claim that coffee is grown in continental United States, or that all coffee brought into Porto Rico from the states is not of foreign origin.

Shortly stated, the act attacked requires all dealers in foreign coffee to obtain licenses, to keep books showing their dealings, and to affix on the containers stamps, costing two cents per pound; the proceeds of the license fees, stamps and fines levied for breaches of the act are covered into the treasury, described as the "coffee protection fund," and devoted to the expenses accruing under the act.

In their bills, plaintiffs refer to these fees as taxes. The court below adopted that view, and dismissed the bills for want of jurisdiction, on the authority of Gallardo, Treas., v. Porto Rican American Tobacco Co. (C. C. A.) 26 F.(2d) 668. So construed, the court is prohibited from dealing with the validity of the taxes by suit to restrain the collection, under Act of March 4, 1927, c. 503, 44 St. 1418, 1421, construed by Smallwood v. Gallardo, 275 U. S. 56, 61, 62, 48 S. Ct. 23 (72 L. Ed. 152).

The title of the act is fully adequate within the meaning of section 34 of the Organic Act (48 USCA § 832). The decrees below must be affirmed.

In each case, the decree of the District Court is affirmed, without costs.