### HARRIS v. RENO OIL CO.
#### No. 176.

District Court, N. D. Texas, Wichita Falls Division.

Feb. 22, 1943.

McFarlane & McFarlane, of Graham, Tex., for the motion.

John E. Kilgore, of Dallas, Tex., opposed.

ATWELL, District Judge.

Plaintiff brought his suit in the state district court of Wichita County, Texas, under the Fair Labor Standards Act, for something over $4,000. The defendant removed to the national court which has a division in the same city and county alleging a diversity of citizenship. The plaintiff now moves to remand.

The Act permits such a suit to be maintained in any court of competent jurisdiction. Act of 1938, §§ 6, 7, 16(b), 29 U.S.C.A. §§ 206, 207, 216(b); Judicial Code, § 28, 28 U.S.C.A. § 71. Emphasis is laid upon the word "maintained," by the plaintiff. He contends that it should be so construed as to hold the case where he saw fit to bring it. The defendant argues that since the amount in controversy is over $3,000, and there is a diversity of citizenship, that the right of removal has not been taken away by the Act.

We are not thoroughly advised as to the views of the Congress with reference to the limits of the word "maintained." The dictionary gives it considerable scope, but the right of the citizen to choose his forum, when he has two that are open to him, must be exercised with the knowledge that his opponent also has access to such statutes as are in full force and effect.

When one sues a nonresident for an amount within the national court jurisdiction, it is the right of the nonresident to remove that action. There is nothing in the Act we are now studying which deprives the nonresident of that right, nor is there any indication that the Congress meant such deprivation.

Some of the decisions in reasoning for the retention of the cause, for lesser amounts, in the local courts, speak of small claims, the remoteness that might result in the seat of litigation if the action had to be tried in a national court. It happens that neither of those reasons is applicable here. The national court has a division in the same county in which the

suit was instituted and the amount in controversy is substantial.

There is a rather accurate gathering of the authorities in Booth v. Montgomery Ward & Co., D.C., 44 F.Supp. 451. That case, however, was for about $400 and was removed to the national court by the allegation that a law of the United States was in dispute and controversy. Not upon diversity. See Stewart v. Hickman, D.C., 36 F.Supp. 861.

In the Booth case the writer spoke of the doubt about jurisdiction being in the national court in the absence of diversity and in the absence of jurisdictional amount.

We do not need to determine, anew, the settled question as to when a case arises under the Constitution, or, laws of the United States. Nor do we need to suggest that the Act was "passed in haste," and the Congress, therefore, neglected to take away the right of removal in diversity cases. The Act stands as it is.

While there is some doubt in the writer's mind upon the question, I am not sufficiently bold to deny a nonresident the right of removal which the law gives it in the present case.