**LOCKERTY et al. v. PHILLIPS, United States Attorney.**

No. 2780.

District Court, D. New Jersey.

March 29, 1943.

Judgment Affirmed May 10, 1943.

See —— U.S. ——, 63 S.Ct. 1019, 87 L.Ed. ——.

Harold Simandl and Arthur T. Vanderbilt, both of Newark, N. J., for plaintiffs.

Thorn Lord, Asst. U. S. Atty., of Trenton, N. J., and Robert L. Wright, Sp. Asst. to the Atty. Gen., for defendant.

Before MARIS, Circuit Judge, and FAKE and MEANEY, District Judges.

MARIS, Circuit Judge.

The plaintiffs' amended and supplemental complaint seeks to have the defendant as United States Attorney for the District of New Jersey enjoined from enforcing the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq., against the plaintiffs and in particular from prosecuting indictments returned and threatened to be returned against them thereunder. Since an injunction is sought to restrain

the enforcement of an act of Congress a court of three judges has been constituted to hear the case under section 3 of the Act of August 24, 1937, 28 U.S.C.A. § 380a. The defendant moves to dismiss the complaint upon the ground, inter alia, that section 204(d) of the Emergency Price Control Act expressly deprives this court of jurisdiction to grant the injunctive relief sought. The portion of that section relied upon by the defendant is as follows:

"The Emergency Court of Appeals, and the Supreme Court upon review of judgments and orders of the Emergency Court of Appeals, shall have exclusive jurisdiction to determine the validity of any regulation or order issued under section 2 (section 902 of this Appendix), of any price schedule effective in accordance with the provisions of Section 206 (section 926 of this Appendix), and of any provision of any such regulation, order, or price schedule. Except as provided in this section, no court, Federal, State, or Territorial, shall have jurisdiction or power to consider the validity of any such regulation, order, or price schedule, or to stay, restrain, enjoin, or set aside, in whole or in part, any provision of this Act authorizing the issuance of such regulations or orders, or making effective any such price schedule, or any provision of any such regulation, order, or price schedule, or to restrain or enjoin the enforcement of any such provision."

It will be seen that the act expressly provides that no court, Federal, State or Territorial, except the Emergency Court of Appeals and the Supreme Court to the extent of their jurisdiction under the act, "shall have jurisdiction or power * * * to * * * enjoin * * * any provision of this Act authorizing the issuance of such regulations or orders * * * or any provision of any such regulation, order * * * or to * * * enjoin the enforcement of any such provision." We think it is clear that this statutory provision, if valid, effectively withdraws from the district courts all jurisdiction and power to issue an injunction under the circumstances disclosed in the complaint before us. The plaintiffs urge, however, that the provisions of section 204(d) are unconstitutional. Their contention is that the section deprives all courts of the power to consider the constitutionality of the act and the section, therefore, deprives liti-

gants of the right to raise that issue in any court. We think that this contention is without merit.

■ The portion of section 204(d) which we are considering deprives the courts of the country, other than the Emergency Court of Appeals, merely of jurisdiction and power to "stay, restrain, enjoin, or set aside * * *." These words refer to the type of affirmative relief sought to be obtained from a court, the type being injunctive in its nature; they do not indicate or imply that a court may not consider the constitutionality of the act if that question arises incidentally in a criminal prosecution or civil suit. For example, we think it is clear that in a criminal prosecution or in a civil suit brought by the Price Administrator for an injunction to restrain a violation of the act or of a regulation issued thereunder section 204(d) does not deprive the court of power to consider a defense based upon the alleged constitutionality of the act. When Congress desired to prohibit courts from considering the question of validity under any circumstances it knew how to do so by the use of appropriate language for in the very sentence which we are considering it deprives all courts except the Emergency Court of Appeals of power "to consider the validity of any such regulation, order, or price schedule" but it does not here or elsewhere in terms prohibit the courts from considering the validity of the act itself.

■■ The plaintiffs do not deny that the words "stay, restrain, enjoin" refer to injunctive relief but they argue that the phrase "set aside" has a broader meaning and that when Congress said that no court might "set aside" any provision of the act it meant that no court might declare it unconstitutional. We do not agree that the phrase was intended to have any such broad meaning as this. It is a rule of statutory construction that language, if ambiguous, is to be construed, if possible, so as to make the enactment valid and effective. United States v. Powers, 1939, 307 U.S. 214, 59 S.Ct. 805, 83 L.Ed. 1245. We think that the phrase "set aside" was intended to refer to cases in which affirmative relief against the statute is sought. An analogous procedure is that of appeal in which an appellate court may by its judgment set aside the judgment or order of the court or administrative agency under review. Whether any court has

jurisdiction to set aside an act of Congress in this sense we need not consider. For it is clear that Congress intended to make certain that no court would assume to exercise any such jurisdiction with respect to the Emergency Price Control Act.

We conclude that by section 204 (d) Congress has withdrawn from this court the jurisdiction and power to grant the injunction prayed for. That Congress had power thus to limit the jurisdiction of an inferior court of the United States is settled. Kline v. Burke Const. Co., 1922, 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077; Lauf v. E. G. Shinner & Co., 1938, 303 U.S. 323, 58 S.Ct. 578, 82 L.Ed. 872. See also Smallwood v. Gallardo, 1927, 275 U.S. 56, 48 S.Ct. 23, 72 L.Ed. 152.

The complaint will be dismissed for want of jurisdiction.

FAKE, District Judge (dissenting).

The majority opinion results in a final judgment dismissing the complaint. I find myself unable to concur in the reasoning thereof or in the result arrived at.

It appears on the face of the complaint that each of the plaintiffs is engaged in the business of buying and selling meats at wholesale in the northern part of the State of New Jersey. They complain that the enforcement of the Emergency Control Act of 1942, as amended, injuriously affects them in the operation of their respective businesses and has resulted in indictments being returned against them for alleged violations thereof. They assert that sections 204(c) and (d) of the aforesaid Act leaves the District Court in which they are indicted without jurisdiction to pass upon the legal sufficiency of the charges contained in the indictments, and this they contend results in a deprivation of their respective constitutional rights. They seek equitable relief by way of a preliminary injunction out of this court to stay the United States Attorney from proceeding with the trials under the indictments until the final hearing of this cause.

The motion to dismiss is based, among other things, upon the assertion that to grant the relief sought this court must violate the express limitations placed upon its jurisdiction by virtue of Section 204(d) of the Emergency Control Act.

The pertinent sentences of Section 204 (d) read as follows: "The Emergency Court of Appeals, and the Supreme Court upon review of judgments and orders of the Emergency Court of Appeals, shall have exclusive jurisdiction to determine the validity of any regulation or order issued under section 2 (section 902 of this Appendix), of any price schedule effective in accordance with the provisions of section 206 (section 926 of this Appendix), and of any provision of any such regulation, order, or price schedule. Except as provided in this section, no court, Federal, State, or Territorial, shall have jurisdiction or power to consider the validity of any such regulation, order, or price schedule, or to stay, restrain, enjoin, or set aside, in whole or in part, any provision of this Act authorizing the issuance of such regulations or orders, or making effective any such price schedule, or any provision of any such regulation, order, or price schedule, or to restrain or enjoin the enforcement of any such provision."

It is clear that the first sentence above quoted intends to lodge exclusive jurisdiction in the Emergency Court of Appeals in the first instance to pass upon the "validity" of the regulations or orders issued under Section 2, which is the price control section, with jurisdiction to review vested in the United States Supreme Court. What does the word "validity" mean in this connection? Does. it limit the consideration of a regulation or order to matters and things found wholly within the confines of the Emergency Act itself or does it also permit the two courts to consider validity from the angle of constitutionality? In my view there can be but one answer to this question: "Validity" as here contemplated must be arrived at not only within the four corners of the Act wherein evidence bearing upon arbitrary and capricious conduct may be considered but also it may be arrived at after a consideration of the pertinent constitutional provisions upon which the Act itself in the last analysis must find its justification. It follows that the word "validity" in the sentence when coupled with the language conferring exclusive jurisdiction on the two courts, evidences an intent to prohibit the United States District Court for the District of New Jersey from exercising any authority to pass upon the constitutionality of the Emergency Act as it may arise at the trials under the indictments. In considering the second sentence of the Act above quoted, it is again equal-

516

ly clear that the letter and the spirit indicate an unmistakable intent to deprive the District Court of the right to "set aside" for unconstitutionality any provision of the Act upon which the regulations or orders may be based. The words "set aside" must be given their usual and generally accepted effect and as used in this statute they preclude the setting aside of the Act for any and all reasons whatsoever. Section 380a of Title 28, pursuant to which this court is now sitting, uses the words "setting aside" in the sense that a setting aside is what occurs to an Act of Congress when it is found to be "repugnant to the Constitution of the United States". So in the instant case if the Act were found to be unconstitutional it would be "set aside" and for nothing holden.

Considering both sentences together I can arrive at no other conclusion but that it was the studied intent and manifest desire of Congress to prohibit the District Courts of the United States, the Circuit Courts of Appeals and as well this three-judge Statutory Court, from exercising their usual powers to pass upon the constitutionality of the Emergency Control Act or of anything that might be attempted by way of rules or orders under the guise thereof. Moreover such construction involving as it does a total elimination of the injunctive powers of the courts is quite in line with the modern tendency of Congress partially to strip the courts of their injunctive powers when the objects sought might be interrupted or invalidated by the exercise of equitable relief. This leaves the plaintiffs herein stripped of their constitutional rights in the only forum where they may be tried on the indictments pending against them. It deprives them of due process of law guaranteed by the Fifth Amendment and also invades their right to a full and complete trial in the state where the alleged crimes were committed as guaranteed by Article 3, Sec. 2, Clause 3 of the Constitution.

Since the plaintiffs herein must face indictments wherein issues are involved bearing on the words above considered their meaning should be positive and certain and no strained interpretation should be indulged to save the constitutionality of any part of the Act.

It is my thought that a temporary stay should issue and that we should proceed to final hearing on the complaint.