### GARNER v. MENGEL CO.
No. 214.

District Court, W. D. Kentucky, Paducah Division.
June 22, 1943.

W. A. Middleton and J. S. Freeland, both of Paducah, Ky., for plaintiff.

Louis Seelbach and Bullitt & Middleton, all of Louisville, Ky., for defendant.

MILLER, District Judge.

This action is before the Court on the plaintiff's motion to remand.

The plaintiff, W. A. Garner, a citizen of Kentucky, brought this action in the Fulton Circuit Court of Kentucky to recover from the defendant, The Mengel Company, a New Jersey corporation, the sum of $4,889.44 as unpaid wages due him under the Fair Labor Standards Act of 1938, for an additional sum in the same amount as liquidated damages, and for a reasonable attorney's fee. The defendant removed the action to the United States District Court.

Section 16 of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216, provides with respect to an employee's action to recover unpaid wages as follows: "Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees * * *". Under this section the Fulton Circuit Court had original jurisdiction of the action. It is settled in this Circuit that such an action is one arising under a law of the United States regulating commerce. For that reason and also because of diversity of citizenship and the amount involved the United States District Court also had original jurisdiction over the action. Sections 41(1) and 41(8), 28 U.S.C.A.; Robertson v. Argus Hosiery Mills, 6 Cir., 121 F.2d 285; see Stucker v. Roselle, D.C.W.D.Ky., 37 F.Supp. 864. The removal statute, Section 71, 28 U.S.C.A., provides that "any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States * * * of which the district courts of the United States are given original jurisdiction, in any State court, may be removed by the defendant or de-

fendants therein to the district court of the United States for the proper district." Accordingly, the present action was properly removed from the Fulton Circuit Court to the United States District Court unless some provision of the Fair Labor Standards Act itself prohibits such removal. Plaintiff contends that the provision of Section 16 of the Act, which provides that the action "may be maintained in any court of competent jurisdiction" prevents such removal, in that the word "maintained" means more than commence and includes the element of continuing with to a conclusion. He points out that since the action as originally filed in the Fulton Circuit Court was in a court of competent jurisdiction, it will not be "maintained" in that court if the defendant is permitted to remove it to the United States District Court.

The question presented has been passed upon by a number of district courts. In the following cases it was held that an action filed under the provisions of the Fair Labor Standards Act was just as much subject to the provisions of the removal statute as was any other action, and that in the absence of an express statutory provision that it was not to be removed to the district court, such as is contained in the Employer's Liability Act, 45 U.S.C.A. § 51 et seq., it was properly removed: Ricciardi v. Lazzara Baking Corp., D.C.N.J., 32 F.Supp. 956; Owens v. Greenville News-Piedmont, D.C.W.D. S.C., 43 F.Supp. 785; McGarrigle v. 11 West 42nd St. Corp., D.C.S.D.N.Y., 48 F.Supp. 710; Harris v. Reno Oil Co., D. C.N.D.Tex., 48 F.Supp. 908. On the other hand, it was held in the following cases that when the plaintiff elected to file his action in the state court which was a court of competent jurisdiction he was entitled to maintain the action in that court and that it was not removable on motion of the defendant to the district court: Stewart v. Hickman, D.C.W.D.Mo., 36 F.Supp. 861, Reeves, Judge; Wingate v. General Auto Parts Co., D.C.W.D.Mo., 40 F.Supp. 364, Otis, Judge; Kuligowiski v. Hart, D.C.N.D.Ohio, 43 F.Supp. 207; Booth v. Montgomery Ward & Co., D.C. D.C.Neb., 44 F.Supp. 451; Fredman v. Foley Bros., D.C.W.D.Mo., 50 F.Supp. 161, Otis, Judge, decided May 28, 1943. The conflicting views with supporting reasons therefor are stated at some length in the opinions in Owens v. Greenville News-Piedmont, supra, and Booth v. Montgomery Ward & Co., supra, which makes it unnecessary to review them here.

This Court feels that there is strong support for each viewpoint. The Supreme Court of the United States has twice held in construing the word "maintained" in a Federal statute that "to maintain a suit is to uphold, continue on foot and keep from collapse a suit already begun." Smallwood v. Gallardo, 275 U.S. 56, 48 S.Ct. 23, 72 L.Ed. 152; George Moore Ice Cream Co. v. Rose, 289 U.S. 373, 53 S.Ct. 620, 77 L.Ed. 1265. It has also been held in the following cases that there is a well defined distinction between beginning and maintaining an action and that using the words in their ordinary significance "maintain" carries a different meaning from "institute" or "begin", and implies that an action must be begun before it can be maintained: In re Charles Nelson Co., D.C., 294 F. 926, 928; Carson-Rand Co. v. Stern, 129 Mo. 381, 31 S.W. 772, 32 L.R.A. 420; National Fertilizer Co. v. Fall River Five Cent Savings Bank 196 Mass. 458, 82 N.E. 671, 14 L.R.A., N.S., 561, 13 Ann.Cas. 510; Roullard v. Gray, 38 Cal.App. 79, 175 P. 479; Friel v. Alewel, 318 Mo. 1, 298 S.W. 762, 764. These decisions have for their support the generally accepted meaning of the word "maintain", which is defined by Webster's Dictionary as "To continue or persevere in or with; to carry on; as to maintain an attack, a correspondence, a legal action. * * * To hold or keep in any particular state or condition, esp. in a state of efficiency or validity; to support, sustain or uphold; to keep up; not to suffer to fall or decline; as to maintain a certain degree of heat in a furnace; to maintain a fence, health, peace, one's reputation." On the other hand, the word "maintain" is frequently used synonymously with commence or begin, and we are also met with the well understood legal principle that a partial repeal of the removal statute by implication is not to be favored. Under these conditions the Court feels that it is a proper place to apply the rule which has been stated by the Court of Appeals for this Circuit that where the question of remand is doubtful the doubt should be resolved in favor of remanding the action to the State court. Breymann v. Pennsylvania O. & D. R. Co., 6 Cir., 38 F.2d 209. See also Siler v. Morgan Motor Co., D.C.

E.D.Ky., 15 F.Supp. 468; Western Union Telegraph Co. v. Louisville & N. R. Co., D.C.E.D.Tenn., 201 F. 932, 945; McCaffrey v. Wilson & Co., D.C.Mass., 10 F.2d 368. This ruling also has the support of a prior ruling to the same effect by one of the Judges of the Circuit Court of Appeals for this Circuit sitting as District Judge by designation, in action No. 105, Marion Honer v. the Federal Materials Co. (W.D.Ky) Paducah Division. [1]

The plaintiff's motion to remand to the Fulton Circuit Court is sustained.

---

[1] No opinion for publication.