## BRANTLEY v. AUGUSTA ICE & COAL CO.

### No. 234.

District Court, S. D. Georgia,
Augusta Division.

Aug. 24, 1943.

Henry T. Chance, Jr., of Augusta, Ga., for plaintiffs.

Hull, Barrett, Willingham & Towill, of Augusta, Ga., for defendant.

LOVETT, District Judge.

Is an action brought in a state court to recover unpaid minimum wages, overtime compensation, etc., under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., removable at the option of the defendant and over the objection of the plaintiff to the District Court of the United States? That is the single question now for decision in this case.

Able counsel orally and by briefs have argued the opposing views, and the court has been benefited thereby. In view of the conflicting decisions of District Judges, as well as the fact that no appeal or writ of error from a decision remanding the case shall be allowed[1], the question deserves more than casual consideration. The right of removal is a valuable right, and should not be lightly denied.

There is no diversity of citizenship between the parties in this case; the amount in controversy, however, exclusive of interest and costs, exceeds $3,000. The defendant filed the proper petition and bond for removal in the state court and seasonably moved the Judge to enter an order of removal. After a hearing the court refused and entered an order purporting to deny removal. Exceptions pendente lite were filed in the state court, but no direct writ of error was sued out to the state appellate court. Thereupon the defendant filed a certified copy of the record in this court within the time required by the removal statute, 28 U.S.C.A. § 72, which resulted in removal if the case is removable. Kern v. Huidekoper, 103 U.S. 485, 26 L. Ed. 354; Metropolitan Casualty Ins. Co. v. Stevens, 312 U.S. 563, 567, 61 S.Ct. 715, 85 L.Ed. 1044. The issue of law is presented by plaintiff's motion to dismiss (agreed by all parties to be the equivalent of a motion to remand) and by a motion of defendant to enjoin the plaintiff from further prosecution of the suit in the state court.

The right answer to the question posed turns upon the interpretation to be given to the language of the Fair Labor Standards Act, Sec. 16(b), which provides, "Action to recover such liability (for unpaid wages, etc.) may be maintained in any court of competent jurisdiction", and employees may designate an agent or representative "to maintain such action". 29 U.S.C.A. § 216(b). Except for this section it seems clear the case would be remova-

---

[1] 28 U.S.C.A. § 71.

ble without regard to citizenship or amount in controversy because it is a proceeding arising under a law regulating commerce, of which a federal district court has original jurisdiction. 28 U.S.C.A. § 71; 28 U.S.C.A. § 41(8); Mulford v. Smith, 307 U.S. 38, 46, 59 S.Ct. 648, 83 L.Ed. 1092; Robertson v. Argus Hosiery Mills, 6 Cir., 121 F.2d 285, 286. Did Congress use the word "maintain" twice in the same sentence in the narrow sense of filing, commencing or bringing suit or in the larger meaning of prosecuting to final judgment? We should endeavor to discover, if we can, the legislative intention and then give effect to it, and doing so we should give ordinary words their usual significance unless it plainly appears some other meaning was intended. In the felicitous language of Judge Cardozo[2], "The tokens of intention are within the statute and outside of it". They are discussed in the cases I shall presently mention and will not be elaborated upon by me except to say that we must consider the words in the light of their purpose and not isolated from the text of the Act. That some degree of continuity attaches to the word "maintain" when used as here, see Smallwood v. Galardo, 275 U.S. 56, 61, 48 S.Ct. 23, 72 L.Ed. 152, and 26 Words and Phrases, Perm. Ed., pages 60, 61.

Listed below are the decided cases, all but one by District Courts. No Court of Appeals of the United States has considered the question.

*For Removal:* Ricciardi v. Lazzara Baking Co., D.C.N.J., dictum Judge Fake, 32 F.Supp. 956, 957; Owens v. Greenville News-Piedmont, D.C.W.D.S.C., Judge Wyche, 43 F.Supp. 785; McGarrigle v. Eleven West Forty-Second St. Corp., D.C. S.D.N.Y., Judge Hulbert, 48 F.Supp. 710; Harris v. Reno Oil Co., D.C.N.D.Tex., Judge Atwell, 48 F.Supp. 908; Mengel Co. v. Ishee, 192 Miss. 366, 4 So.2d 878.

*Against Removal:* Stewart v. Hickman, D.C., 36 F.Supp. 861 and Phillips v. Pucci, D.C.W.D.Mo., Judge Reeves, 43 F.Supp.

253; Sconce v. Montgomery Ward & Co., Dec. 27, 1939, unreported; Wingate v. General Auto Parts Co., 40 F.Supp. 364, 365 and Fredman v. Foley Bros., Inc., D.C.W.D.Mo., Judge Otis, 50 F.Supp. 161; Kuligowski v. Hart, D.C.N.D.Ohio, Judge Jones, 43 F.Supp. 207; Booth v. Montgomery Ward & Co., D.C.Neb., Judge Delehant, 44 F.Supp. 451; Garrity v. Iowa-Nebraska L. & P. Co., D.C.Neb., Lincoln Div., Aug. 11, 1941, Judge Donohoe, unreported; Barron v. F. H. E. Oil Co., W.D.Tex.1941[3]; Duval v. Protes, D. C.E.D.N.Y., Judge Campbell, Aug. 29, 1942, 51 F.Supp. 967; Strong v. Western Ice Service Co., D.C.Kan., Feb. 6, 1942, unreported, no opinion filed; Harper v. Atlantic Co., S.D.Fla., unreported, decided January 13, 1943, sua sponte, by Judge Waller before he became a Circuit Judge[4]. See, also, note 55 Harv.Law Review, 541.

The logic and reasoning of Judges Otis and Delehant in the Fredman and Booth cases, *supra*, are to me most convincing. There is little, if anything I can add to what is said, and much better said, by them. However, the several contentions of defendant will not go entirely unnoticed.

*It is pressed hard on me in argument that the failure to expressly amend the Removal Statute is strong evidence that Congress did not intend to do so by implication, and that repeals by implication are not favored*[5], pointing to the fact that in other situations where jurisdiction is conferred on state courts and removal was thought undesirable Congress said so in so many words. Let us look at these other situations. The Federal Employers' Liability Act as originally enacted in 1908 did not attempt to confer jurisdiction on any court and was silent as to removal. It contained a two year limitation section forbidding an action being maintained after that time. 35 Stat. 65. By the amendment of 1910 (36 Stat. 291) it was provided that an action under the Act "may be brought" in a circuit (now district) court of the United

---

[2] Moore Ice Cream Co. v. Rose, 289 U. S. 373, 377, 53 S.Ct. 620, 77 L.Ed. 1265.

[3] No opinion for publication.

[4] Judge Waller's order remanding this case was later vacated by consent of parties, they agreeing the federal court had jurisdiction of the subject matter and preferring to try the issues there, but Judge Waller's views against removability were not modified. Judge Strum of the North-

ern District of Florida, before whom the motion to vacate the remand came on for hearing, apparently agreed with Judge Waller that the case was not removable "over objections of the plaintiffs", but all parties consenting both Judges agreed jurisdiction might be retained.

[5] See Young & Jones v. Hiawatha Gin & Mfg. Co., D.C., 17 F.2d 193, 195.

States, that the United States and State courts should have concurrent jurisdiction, and no case brought in a state court should be removed. 45 U.S.C.A. § 56. And to this extent the removal statute was considered as amended. 28 U.S.C.A. § 71. Removal of actions by seamen under the Jones Act, 46 U.S.C.A. § 688, is not denied because of any express language in that Act so requiring but only because the Act by reference incorporates the provisions of the Federal Employers' Liability Act which I have mentioned. Petterson v. Standard Oil Co., D.C.S.D.N.Y., Judge L. Hand, 41 F.2d 219.

■ The amendment of the Removal Statute to prevent removal of suits under what was known originally as the Carmack amendment of the Interstate Commerce Act [6] (where less than $3,000.00 was involved) referred to suits "brought in any State court of competent jurisdiction". 38 Stat. 278, 28 U.S.C.A. § 71. The United States Warehouse Act contains no provision attempting to confer jurisdiction on any court of suits against the warehouseman only for a mere breach of the obligation to deliver the stored products on surrender of the receipt, etc. The only section relating to civil suits refers to suits on the warehouseman's bond, and the language there is that the injured person "shall be entitled to sue on the bond in his own name in any court of competent jurisdiction". 7 U.S.C.A. §§ 249, 262. In Young & Jones v. Hiawatha Gin & Mfg. Co. (cited in note 4) Judge Holmes, then a District Judge, held such a suit removable as an action arising under a law regulating commerce as well as presenting a federal question. Thus we see in none of the situations outlined had Congress employed words similar to those used here— that the action might be maintained in any court of competent jurisdiction.

Unless suits begun in state courts may be retained there, unless they can be maintained or prosecuted to final judgment where they are instituted, the words of the Fair Labor Standards Act declaring they may be maintained in any court of competent jurisdiction are emptied of all meaning, and they become mere surplusage or idle words. This is so because no legislation was needed to vest either federal or state courts with jurisdiction. They both had it under the general federal jurisdictional laws, or general rules of jurisprud-

ence. The federal courts had jurisdiction under Sec. 24(8) of the Judicial Code, 28 U.S.C.A. § 41(8), without regard to the amount in controversy, Mulford v. Smith, supra; Williams v. Jacksonville Terminal Co., 315 U.S. 386, 390, 62 S.Ct. 659, 86 L. Ed. 914; Robertson v. Argus Hosiery Mills, supra, and if the jurisdictional amount was present they had jurisdiction also under 28 U.S.C.A. § 41(1), as a suit arising under the laws of the United States, provided a federal question was properly presented by the plaintiff's pleadings. Gully v. First Nat. Bk., 299 U.S. 109, 112–116, 57 S.Ct. 96, 81 L.Ed. 70; Peyton v. Ry. Express Agency, 316 U.S. 350, 62 S. Ct. 1171, 86 L.Ed. 1525; Barnhart v. Western Maryland Ry. Co., 4 Cir., 128 F.2d 709 (5, 6), 713; Johnson v. Thomas, D.C., 16 F.Supp. 1013, 1014(13), 1018. And in the absence of an express grant the state courts had jurisdiction notwithstanding the cause of action was created by federal statute. Claflin v. Houseman, 93 U.S. 130, 136, 137, 23 L.Ed. 833; Robb v. Connolly, 111 U.S. 624, 635–637, 4 S.Ct. 544, 28 L. Ed. 542; Mondou v. New York, N. H. & H. R. Co., Second Employers' Liability Cases, 223 U.S. 1, 56, 57, 58, 32 S.Ct. 169, 56 L.Ed. 327, 38 L.R.A.,N.S., 44; Galveston, H. & S. A. Ry. Co. v. Wallace, 223 U.S. 481, 490, 32 S.Ct. 205, 56 L.Ed. 516; State of Missouri ex rel. St. Louis B. & M. R. Co. v. Taylor, 266 U.S. 200, 208, 45 S.Ct. 47, 69 L.Ed. 247, 42 A.L.R. 1232. The clause allowing suits to be maintained in any court of competent jurisdiction becomes meaningless unless it is interpreted as amendatory of the Removal Statute and preventing removal. Courts should not interpret a statute so as to make parts of it surplusage unless no other construction is reasonably possible; a construction which would render a section or clause superfluous is to be avoided. While Congress may express itself tautologically a conclusion or interpretation that it has done so is to be avoided if fairly possible.

There are other considerations moving to the same conclusion, which I briefly notice. Courts of the United States are courts of limited jurisdiction and possess no powers except those conferred expressly or by necessary implication by the Constitution or Acts of Congress. Unless demanded we should not depart from the long existing policy of Congress of restricting the federal jurisdiction. Gay v. Ruff, 292

---

[6] 49 U.S.C.A. § 20(11).

U.S. 25, 37, 54 S.Ct. 608, 78 L.Ed. 1099, 92 A.L.R. 970. A "federal court should be as careful to avoid encroachment on a state court's proper jurisdiction as it is vigilant in protecting its own". Siler v. Morgan Motor Co., 15 F.Supp. 468, 469 (12), 472; Fitzgerald v. Missouri Pac. R. Co., C.C., 45 F. 812, quoted in Eddy v. Chicago & N. W. Ry. Co., D.C., 226 F. 120, 125. I agree the right of removal should be decided by the "facts, the law, and the reasons which condition them", and not by the mere "existence of doubts". Boatmen's Bank v. Fritzlen, 8 Cir., 135 F. 650, 655.

My conclusion is the case should be, and hereby is, remanded to the state court; and it follows the motion for injunction should be denied and the bill therefor dismissed. So ordered.