**YOUNG v. ARBYRD COMPRESS CO.**

No. 1089.

District Court, E. D. Missouri, S. E. D.
June 21, 1946.

Arthur U. Goodman, Jr., of Kennett, Mo., for plaintiff.

Frank C. Brooks and Callaway & Reed, all of Dallas, Tex., and Langdon R. Jones, of Kennett, Mo., for defendant.

HULEN, District Judge.

This action, to recover unpaid minimum wages and overtime compensation under the Fair Labor Standards Act, Title 29, Secs. 201–219, U.S.C.A., instituted in the Circuit Court of Dunklin County, Missouri, removed by usual petition, is now before the Court for ruling on motion to remand.

Only one of the grounds urged for remand calls for serious consideration. Are cases based on the Fair Labor Standards Act removable? The question presented is not new, but is unsettled. In Brantley v. Augustus Ice and Coal Co., D.C., 52 F. Supp. 158, loc. cit. 159, the cases "for removal" and "against removal" are collected. To the list in the Brantley case, we add the following:

Against removal—Brockway v. Long, D.C.W.D.Mo., 1944, 55 F.Supp. 79; Garner v. Mengel Co., D.C.W.D.Ky., 1943, 50 F. Supp. 794; Sheridan v. Leitner, D.C.S.D. N.Y., 1944, 59 F.Supp. 1011; Tobin v. Hercules Powder Co., D.C.D.Del., 1945, 63 F.Supp. 434; Wright v. Long, D.C.W.D. Mo., 1944, 65 F.Supp. 279.

For removal—Sonnesyn v. Federal Cartridge Co., D.C.Minn., 1944, 54 F.Supp. 29; Cox v. Gatliff Coal Co., D.C.E.D.Ky., 1943, 52 F.Supp. 482.

In support of removal, counsel also cites opinions of the Courts of Appeals in Gatliff Coal Co. v. Cox, 6 Cir., 152 F.2d 52, and Mid-Continent Pipe Line Co. et al. v. Hargrave, 10 Cir., 129 F.2d 655, because the two cases originated in the state court, were removed, and motions to remand were overruled. The Court of Appeals does not discuss or rule on right to remove in either case. Apparently plaintiff was satisfied with the result in the trial court and did not raise the issue on appeal.

Right of removal from state to federal court of suits for compensation under the Fair Labor Standards Act, in our opinion, turns on construction of Section 216(b) of the Act and particularly the word "maintained," ("action to recover such liability may be maintained in any court of competent jurisdiction * * *"). Most of the cases where removal was denied base

their ruling on interpretation of the word maintain, that it means not only to commence but to proceed with the action to a conclusion in the Court where the action is filed, that the statute on removal of causes from state to federal courts is inapplicable to cases under Section 216(b) of the Fair Labor Standards Act. Some of the cases hold that there is no real question involving interpretation of a Federal Statute. With these we are not in accord. Unless the language of the Fair Labor Standards Act prevents removal, we think such cases would be removable as cases arising under a law regulating interstate commerce.

■■ The burden rests on the defendant to show removability. The Court in passing upon the question should scrupulously confine its own jurisdiction to the precise limits which the statute has conferred. The trend of recent decisions is to reduce federal jurisdiction. H. Christiansen & Sons, Inc. v. The City of Duluth, 8 Cir., 154 F.2d 205.

The removal statute should be strictly construed.

"Not only does the language of the Act of 1887 evidence the Congressional purpose to restrict the jurisdiction of the federal courts on removal, but the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation. The power reserved to the states under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary articles of the Constitution. 'Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.' Healy v. Ratta, 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248; see Kline v. Burke Construction Co., 260 U.S. 226, 233, 234, 43 S.Ct. 79, 82, 67 L.Ed. 226, 24 A.L.R. 1077; Matthews v. Rodgers, 284 U.S. 521, 525, 52 S.Ct. 217, 219, 76 L.Ed. 447; cf. Elgin v. Marshall, 106 U.S. 578, 1 S.Ct. 484, 27 L.Ed. 249." Shamrock Oil Corp. v.

Sheets, 313 U.S. 100, loc. cit. 108, 109, 61 S.Ct. 868, 872, 85 L.Ed. 1214.

The word "maintain" is defined by Webster's Dictionary "To continue or persevere in or with; to carry on; as to maintain an attack, a correspondence, a legal action. * * * To hold or keep in any particular state or condition, esp. in a state of efficiency or validity; to support, sustain or uphold; to keep up; not to suffer to fall or decline; as to maintain a certain degree of heat in a furnace; to maintain a fence, health, peace, one's reputation." (from Garner v. Mengel Co., D.C. 50 F. Supp. 794 loc. cit. 796.)

When we turn to the cases we find a jungle of confusion. See 38 C.J. 336 and cases listed, also 26 Words and Phrases, Perm.Ed., page 59, and cases there listed. The word has been given various meanings depending upon the context of the instrument in which it is used. A search of the Congressional Record does not reveal argument or statement at the time of passage of the Fair Labor Standards Act, indicating the term was used in any sense other than manifest from the Act. No discussion by that body is found on the subject. Prior to use of the term by Congress in the Fair Labor Standards Act, the Supreme Court had twice defined the term. In 1933, in Moore Ice Cream Co. v. Rose, (289 U.S. 373, 53 S.Ct. 620, 621, 77 L.Ed. 1265) the Court stated, "To maintain a suit is to uphold, continue on foot and keep from collapse a suit alreay begun."

In 1927 the Supreme Court in Smallwood et al. v. Gallardo, etc., 275 U.S. 56, 48 S.Ct. 23, 72 L.Ed. 152, use the same language as used in the Moore Ice Cream Co. case.

Many of the cases which sustain the right of removal in actions under the Fair Labor Standards Act hold that "maintain" means "commence." If the word maintain is held to mean only commence, then it renders the words "actions to recover such liability may be maintained in any court of competent jurisdiction" meaningless, because without that language the employee had the right to file his case either in the state or federal court. We do not believe that Congress used the word "maintained"

as meaning only to commence. To give a construction to this statute that would make the language above quoted have no meaning would do violence to the rule of construction which requires that as between two constructions, one of which renders part of a statute meaningless and another which gives meaning to the statute as a whole, the latter should prevail.

So the question remains, what meaning should be given to the word "maintained" in the Act? If we consider the definition of the term given in Webster and the opinions of the Supreme Court, we cannot give it such a restricted meaning as only to "commence." When the Supreme Court declared that to maintain a suit is to "uphold" it and "continue" it "on foot" and to keep it "from collapse," no reasonable interpretation can be gleaned from such language that maintain means only to commence. When the case is removed from the state court, its prosecution in the state court, a court of competent jurisdiction, "collapses"—it is not "continued" or upheld." When we turn to Webster, the mandate is even more direct. With these definitions before them, are we to say that Congress used the term in some strange, restricted sense, contrary to the common understanding of the word? We think not. We believe this conclusion conforms to the "trend" of decisions to reduce federal jurisdiction and to confine our jurisdiction to its precise limits, with a strict interpretation of the removal statute. 28 U.S.C.A. § 71 et seq.

But, defendant contends, denial of removal of this case is to hold the general statute on removal of cases has by implication been repealed, and such ruling is contrary to the principle that statutes cannot be repealed by implication except where the purpose of Congress to do so is plain and explicit. The removal statute has not been repealed. It still stands. We simply hold it not applicable to cases of the character before the Court.

### Order.

Motion to remand this cause ·to the Circuit Court of Dunklin County, Missouri, is sustained. This Court, being without jurisdiction, will not pass on other motions.