**J. B. HAPPY, Appellant,**

**v.**

**H. L. ERWIN et al., Appellees.**

**Verda HAPPY and her husband, J. B. Happy, Appellants,**

**v.**

**H. L. ERWIN et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 18, 1959.

Robbins & Cross, Mayfield, for appellants.

George R. Effinger, Paducah, Wells Overbey, Murray, Sam Boyd Neely, McDonald & Boaz, Mayfield, for appellees.

CLAY, Commissioner.

Separate actions were filed by plaintiff appellants to recover damages arising out of a motor vehicle accident, and the cases have been consolidated on appeal. Appellee defendants in the suits were H. L. Erwin, the operator of a fire truck owned by the City of Mayfield, the City of Mayfield, the City of Murray, and the liability insurance carriers of the two cities. Upon proper motions the trial court dismissed the complaints as to all defendants.

The substance of plaintiffs' contentions on these appeals is that they should be permitted to prove their causes of action against at least one of the defendants so that recovery may eventually be had against the insurance carriers on the liability policies.

Defendant Erwin was operating a City of Mayfield fire truck in response to a call by the City of Murray to help fight a fire there. The accident happened between the two cities. Each city had a public liability policy covering its fire trucks and the personnel authorized to operate them.

■ Under our decision in Chambers v. Ideal Pure Milk Co., Ky., 245 S.W.2d 589, these suits could not be maintained against the insurance carriers until after a judgment fixing liability against someone they had insured. Neither of the defendant cities is liable because of the doctrine of sovereign immunity. City of Louisville v. Bridwell, 150 Ky. 589, 150 S.W. 672; Smith v. City of Lexington, Ky., 307 S.W. 2d 568. Consequently the suits were properly dismissed as to these defendants.

This brings us to the possible liability of the individual defendant Erwin. KRS 95.-830(1) authorizes the City of Mayfield to use its fire apparatus outside of the city limits. Section (2) of that statute provides:

"(2) Neither the city nor its officers or employees shall be liable in any manner on account of the use of the apparatus at any point outside of the corporate limits of the city. The apparatus shall be deemed to be employed in the exercise of a governmental function of the city."

■ The controlling question in this controversy at the present point is the constitutionality of this statute to the extent that it exempts officers and employees of cities from personal liability in the use of fire apparatus. (Whether this is within or without the city seems immaterial.) Clearly the statute violates sections 14 and 54 of the Kentucky Constitution (and would violate section 241 if death were involved.)

Section 14 of the Constitution provides:

"All courts shall be open, and every person for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay."

Section 54 provides:

"The General Assembly shall have no power to limit the amount to be recovered for injuries resulting in death, or for injuries to person or property."

The meaning and significance of these two sections and their effective denial of authority in the legislature to extinguish a right of action were carefully considered and decided in Ludwig v. Johnson, 243 Ky. 533, 534, 49 S.W.2d 347. That suit involved the validity of a "guest statute" which took from the guest of the owner or operator of a motor vehicle his cause of action for damages for negligence. In holding such act unconstitutional, it was pointed out that the objective of section 14 was to preserve those jural rights which

had become well established prior to the adoption of the Constitution. It was also decided that section 54 prohibited the legislature from limiting the amount of recovery by destroying the right. The Court said, at page 351 of 49 S.W.2d:

> "It was the manifest purpose of the framers of that instrument (the Constitution) to preserve and perpetuate the common-law right of a citizen injured by the negligent act of another to sue to recover damages for his injury."

We believe that opinion was sound and is conclusive of the question before us.

Defendants contend that the court has recognized the non-liability of certain institutions, such as charitable organizations or governmental bodies. However no rights of action sounding in tort existed against them at the time the Constitution was adopted.

Defendants further contend that the Ludwig case is not applicable because it involved the liability of a private person and not one engaged in a public enterprise. There is no significance in this attempted distinction. The Constitution preserved the rights of injured parties against those persons who had wronged them. The fact that a person is a public officer or employee does not change the nature of the personal wrong nor circumscribe the personal right.

It is argued that the liability of public servants is a matter of public policy for the legislature to determine. However, the public policy of the legislature cannot supersede the public policy of the people of this Commonwealth expressed in their Constitution. If this theory were sound, there would be no reason why the legislature could not exempt all public officers and employees from any type of liability. Such exemption logically could be extended even to particular private groups which the legislature determined it was in the public interest to immunize from suit. That is exactly what the constitutional provisions above quoted were designed to prevent.

We have considered the cases from other jurisdictions cited by defendants, but find they do not present the precise question we have before us. To the extent they assume the constitutionality of similar statutes, they are contrary to the principles followed and the decision reached in the Ludwig case.

KRS 95.830(2) to the extent it exempts officers and employees of cities from personal liability is unconstitutional and void. The trial court, therefore, improperly dismissed these actions as to defendant Erwin.

The question of the ultimate liability of the insurance carriers has been involved in these proceedings. Their position is that the liability insurance covers personnel who may be *legally liable*, and since KRS 95.-830(2) specifically provides that officers and employees shall not be liable, no judgment may be obtained against defendant Erwin, and consequently no liability can exist on the part of the insurance carriers. Since their major premise falls by virtue of this decision, our affirmance of their dismissal in these suits obviously does not determine their non-liability.

The judgment is affirmed in part and reversed in part for consistent proceedings.

Judges MOREMEN and STEWART dissent on the ground that the legislature may properly exempt from personal liability a person performing a governmental function.