Donald Hugh EVERMAN, Appellant,

v.

Terry Lee MILLER and Thurman Miller, Appellees.

Court of Appeals of Kentucky.

Dec. 21, 1979.

Discretionary Review Denied May 6, 1980.

Gregory L. Monge, Vanantwerp, Hughes, Monge & Jones, Ashland, for appellant.

Ronnie G. Dunnigan, Ashland, for appellees.

Before WHITE, GANT and HOWARD, JJ.

WHITE, Judge.

On May 20, 1975, appellant was injured in an automobile accident allegedly caused by appellees' negligence. The complaint was filed September 14, 1976, nearly sixteen months after the accident. This appeal is from an order dismissing that complaint for failure to have met a timely filing date under the one-year statute of limitation created by KRS 413.140 covering general tort actions. Appellant argues that KRS 304.-39–230(6), effective July 1, 1975, under the new Kentucky Motor Vehicle Reparations ("No Fault") Act, established a two-year statute of limitation for tort claims arising from auto mishaps and thus extended his filing deadline to May 21, 1977.

It is not questioned that it is within legislative authority to amend the time spectrum of a statute of limitation. Statutes of limitation do not extinguish rights; rather, they affect remedies through curtailment of the period in which actions can be brought.

Cases have been cited as authority for the proposition that if a new, longer statute of limitation is introduced prior to the expiration of the previous one, the time in which an action could be filed is extended accordingly. However, the facts of those cases relate to special limitations affecting special situations, ones in which remedies and rights are directly disconnected through legislative enactment, e. g. workmen's compensation. In those instances, the statute of limitation which supplements or supersedes a general statute in existence is provided for within the act itself.

In the present case, however, the general statute of limitation for tort has not been repealed. Assault and battery, attractive nuisance, defamation, slip and fall, and other causes which sound in tort continue to be governed by this one-year statute of limitation of KRS 413.140; it is only the limitation of time for filing personal injury suits under the No Fault Act which has been changed. Appellant was not covered by No Fault insurance at the time of the accident.

It is to be noted that the wording of the No Fault statute in no way supports retroactive application. Unless legislative intent against such clearly appears, the presumption is for a prospective application. 73 Am.Jur.2d *Statutes* § 350. No Fault was, and continues to be, recognized as a complex, complicated new system; it changed the entire structure of motor vehicle insurance law. Acknowledging this, it must be said that the applicable two-year statute of limitation was provided so as to give adequate opportunity to all litigants and counsel to familiarize themselves with the complexities of the system without cutting off anyone's essential rights in the process. Also, it is noted that the policy and purpose of the act is to encourage nego-

tiations and prompt settlements in an attempt to redress more speedily those suffering injury. Such provisions anticipate and encourage the elimination of actual litigation if possible. Thus, the extension of limitation is directed specifically to enabling success of the new venture.

It is further to be noted that appellant claims no other benefits from the No Fault provisions, such as relief from establishing negligence. Indeed, clearly none could be granted even if sought as the claim arose prior to the effective date of the new legislation. One cannot reach into a statute to pluck only that portion which is most favorable to his cause. The statute applies in full, or it does not apply at all. Herein, it does not apply. To say otherwise would be to say that the total act applies prospectively (which it does) while at the same time saying one sentence in the act may be lifted out and applied retrospectively (which it does not).

Finally, we cannot find any reasonable structure of the facts to have occasioned appellant's delay. There is nothing to indicate that his case would be strengthened by postponing suit well beyond a year past the accident. For this and the aforementioned reasoning, the order dismissing appellant's complaint is affirmed.

All concur.