**Leatha M. SLONE, Appellant,**

v.

**Shirley CAUDILL, Appellee.**

Court of Appeals of Kentucky.

April 24, 1987.

Discretionary Review Denied by Supreme Court Aug. 25, 1987.

Ronnie G. Dunnigan, Lexington, for appellant.

John Harlan Callis, III, Perry and Preston, Paintsville, for appellee.

Before HOWERTON, C.J., and COMBS and HAYES, JJ.

COMBS, Judge.

This appeal is from a judgment of the Magoffin Circuit Court entered pursuant to a jury verdict finding appellant to be one hundred percent responsible for the injuries sustained by appellee in an automobile accident. The appellee was awarded:

Reasonable and necessary medical expenses, past and future, $5,000.00; future loss of wage-earning capacity, $5,000.00; pain and suffering, past and future, $15,000.00; Total $25,000.00.

On February 6, 1986, the trial court sustained appellant's motion for judgment n.o.v. and entered the following order:

It is HEREBY ORDERED that the Judgment entered on September 16, 1985, be amended as follows:

The Plaintiff, Shirley Caudill, is hereby awarded the sum of $15,000.00, representing that portion of the jury verdict for pain and suffering, past and future, and the sum of $5000.00, representing that portion of the jury verdict for loss of wage earnings capacity.

IT IS FURTHER ORDERED that the jury verdict and Judgment entered on September 16, 1985, for $5000.00 past and future medical expenses be reduced by the sum of $2,059.12, which represents those elements of economic loss including medical expenses that were either recovered or have been recovered as basic reparation benefits.

This order Judgment is final and appealable. There is not just reason for delay. The total Judgment awarded today is $22,940.88.

Prior to trial appellant, relying on *Dudas v. Kaczmarek*, Ky.App., 652 S.W.2d 868 (1983), obtained an order allowing a reduction of $10,000.00 in any amount awarded to appellee. Subsequently, the trial court—obviously seeing the error of its way—reduced the award in the actual amount paid by the basic reparations carrier.

In seeking reversal, appellant argues that she is entitled to a $10,000.00 reduction notwithstanding the fact that the carrier only paid $2,059.12 for appellee's economic losses.

■ The case sub judice can easily be distinguished from *Dudas, supra*. In that case, the injured party was awarded $20,701.08 for medical expenses and lost wages. The award was properly reduced by $10,000.00 because of payment of the basic reparation benefits. KRS 304.39–060(2) abolishes tort liability in cases involving the ownership, maintenance or the use of a motor vehicle "... for damages because of bodily injury, sickness or disease to the extent the basic reparation benefits provided in [the Act] are *payable* therefor, *or that would be payable....*" *Dudas, supra,* and cases cited therein, stand for the proposition that victims of automobile accidents cannot make double recoveries. There is no such danger here. The only amount paid, or payable, was $2,059.12, as set forth in the trial court's order of February 6, 1986.

Appellant argues that she would be liable for additional medical and hospital expenses up to the $10,000.00 limit if appellee's condition worsened. If this happens and the carrier refuses to make voluntary payment for the additional expenses, appellee would have two options. She could move to reopen the instant case, or file an independent action. On the other hand, if appellee's recovery was reduced by $10,000.00 and she had no further medical expenses, appellant would reap a windfall. By following the course adopted by the trial court, all parties are protected.

■ Appellant next contends that the trial court erred in permitting recovery for loss of wage earning capacity. This argument is premised on the fact that the jury found that appellee did not sustain permanent injuries. The permanent injury requisite is simply one of three methods the legislature utilized to enable a claimant to cross the threshold. The other two are $1,000.00 medical expenses and/or fracture of a weight bearing member. A person need not have a permanent impairment to have suffered a wage loss, as is the case here.

For these reasons, we affirm the order and judgment of the Magoffin Circuit Court.

All concur.