The UNIVERSITY OF LOUISVILLE
and John R. Johnson, M.D.,
Appellant,

v.

Honorable Earl O'BANNON, Judge, Jefferson Circuit Court, Archie B. Hall and Elina Hall, real parties in interest, Appellees.

No. 87-SC-604-MR.

Supreme Court of Kentucky.

Feb. 9, 1989.

Rehearing Denied June 8, 1989.

Roy Kimberly Snell, Stites & Harbison, Louisville, for appellant John R. Johnson, M.D.

Ben J. Talbott, Jr., Timothy J. Salansky, Westfall, Talbott & Woods, Thomas H. Lyons, University Counsel, University of Louisville, Louisville, for appellant University of Louisville.

Theodore L. Mussler, Jr., Charles E. Theiler, II, Louisville, for appellees.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which denied a petition seeking to prohibit the trial of a medical

malpractice suit against the University of Louisville and one of its medical faculty.

The issue is whether the circuit court can exercise jurisdiction over such an action after the enactment of K.R.S. 44.073 which states in part that "no action for damages may be maintained" against the Commonwealth or its agents except in the Board of Claims.

The litigation was commenced by Archie Hall and his wife Elina against Humana of Virginia, Inc.; Humana, Inc.; University of Louisville Hospital, Inc.; University of Louisville and John R. Johnson, M.D., seeking recovery for alleged negligent medical treatment in connection with a puncture wound on Archie Hall's left foot. Hall claims improper administration of an antibiotic drug resulted in permanent ringing in his ears. All defendants denied any liability.

Dr. Johnson and the University of Louisville pleaded sovereign immunity and moved to dismiss the action as to them. The Court of Appeals refused to prohibit the trial. An appeal has now been perfected in this Court.

*Dunlap v. University of Kentucky Student Health Services Clinic,* Ky., 716 S.W.2d 219 (1986), held that K.R.S. 164.-939–.944 was a waiver of governmental immunity for the University of Kentucky to the extent of the statutorily provided insurance fund. A similar statutory insurance fund exists for the University of Louisville and its medical department and *Dunlap, supra,* would extend the same waiver of immunity to it. Subsequent to the decision in *Dunlap,* the General Assembly enacted K.R.S. 44.072 and 44.073. K.R.S. 44.073(8) provides that no action for negligence may be brought in any court against any agency of the Commonwealth, and in Subsection 12 states that no action for damages may be maintained. K.R.S. ch. 164 was also amended so as to explicitly provide that state institutions of higher learning are agencies of the state and immune from suit.

*Kestler v. Transit Authority of Northern Kentucky,* Ky., 758 S.W.2d 38 (1988) reflects the fact that K.R.S. 44.072 does not provide a defense of sovereign immunity to either of these appellants as it will not be applied retroactively. This claim was filed March 4, 1986 and was pending on July 15, 1986, the effective date of the statute in question.

■ Retroactive application of legislation absent a clear legislative intent in that respect is impermissible. *Shaw v. Seward,* Ky.App., 689 S.W.2d 37 (1985). If the legislature had intended to have the statute be retroactive, it would have expressly stated. A statute will not be given retroactive effect unless it is clearly expressed therein. *Roberts v. Hickman County Fiscal Court,* Ky., 481 S.W.2d 279 (1972). Unless the legislative intent is clear, the presumption is for prospective application. *Everman v. Miller,* Ky.App., 597 S.W.2d 153 (1979).

K.R.S. 446.080(3) provides that no statute shall be construed to be retroactive unless expressly so declared. K.R.S. 44.073(14) contains no express provision making it retroactive. 1986 *Acts* Ch. 499 § 2. Therefore the statute should not have any retroactive application.

■ The reduction of the jurisdiction of the Court, when considered in regard to pending cases, should be applied only when it can be demonstrated that the legislative body intended to make it so apply. *Cf. Matter of District of Columbia Workmen's Compensation Act,* 554 F.2d 1075, 1078–81 (D.C.Cir.1976).

The interpretation of K.R.S. 44.073(12) as a reduction of the jurisdiction of the court applicable to pending cases would be contrary to the intent of the legislature.

We cannot quarrel with the right of the General Assembly to define or extend the provisions for suit against the state embodied in Constitution Sec. 231. However, any changes in the law or extension of sovereign immunity is a substantive and not a procedural matter. The General Assembly can by appropriate statute vitiate the interpretations of the statutory law made by this Court but, unless expressly provided, it can do so only in a prospective or future sense or *in futuro* as distinguished from retroactively or in an *ex post facto* manner.

■ Here the meaning of "maintain" as it is used in the context of K.R.S. 44.073(8), (11) and (12) means essentially the same as brought or begun. The word "maintain" in a statute relating to the existence of a cause of action may refer to "commence" or "to continue" or both, depending on the context. To maintain a suit may mean to commence or institute it; the term imports the existence of a cause of action. Maintain is also applied to actions already brought but not yet reduced to judgment. Black's Law Dictionary, 5th Ed., page 859.

■ K.R.S. 446.080(3) provides that no statute shall be retroactive unless expressly declared so. The application of the legislative act to the facts in question would produce a retroactive limitation on the right of the plaintiffs to recover which did not exist at the time of the alleged negligence or at the time of the commencement of the suit. Consequently it would be an *ex post facto* act to prohibit the trial in this case.

■ Whether a particular circumstance constitutes a cause of action against a specific entity is a matter of substantive law as distinguished from procedural law. As such a statute on the subject has no retroactive application unless such is specified in the statute. The use of the word "maintain" in K.R.S. 44.073(12) must be considered in context. The context is explained by understanding that subsections 11, 12 and 13 are a package. Subsection 13 explains that subsections 11 and 12 deal with the preservation of sovereign immunity. It states: "The preservation of sovereign immunity referred to in §§ 11 and 12 of this section includes...." The sentence in subsection 12 including the words "no action for damages may be maintained" in its entirety is simply a further explanation of subsection 11 which specifies that the Commonwealth does not intend by this statute to waive sovereign immunity or any other immunity or privilege except as otherwise provided. The subsection of K.R.S. 44.073 that has procedural rather than substantive application is subsection 8 which provides that no action for negligence may be brought in any court or forum other than the Board of Claims.

If the General Assembly had intended procedural impact upon suits already in progress, subsection 8 could have stated "no action for negligence could be brought or maintained...." It is highly debatable whether the General Assembly could, if it wished, terminate substantive rights, such as an existing cause of action under prior statutes and case law interpreting those statutes. However, there is no reason to interpret the statutory language when considered in context as attempting to do so.

Reliance on *Smallwood v. Gallardo*, 275 U.S. 56, 48 S.Ct. 23, 72 L.Ed. 152 (1927) is misplaced because the Court in that case was careful to point out that the statute and its interpretation did not affect or impair the *vested rights* of the petitioners and that they still had other methods to achieve their legal goals. Here, the plaintiff's *vested rights* would be substantially impaired and definitely limited and changed by diversion to the Board of Claims.

The meaning of the word "maintain" has been widely litigated and differently defined by a number of courts and legal authorities. More important than semantics, is the fact that Kentucky Rules of Statutory Construction and a reasonable interpretation of the law does not allow K.R.S. 44.073 to be applied retroactively so as to reduce or invalidate any pending claim.

■ Dr. Johnson cannot avail himself of sovereign immunity. *Happy v. Erwin*, Ky., 330 S.W.2d 412 (1959) provides that a statute which purports to extend immunity enjoyed by the governmental agency to the personal liability of its employees violates Sections 14 and 54 of the Kentucky Constitution and would violate Section 241, if a death were involved. The constitution prohibits the abolition or diminution of legal remedies for personal injuries. *Carney v. Moody*, Ky., 646 S.W.2d 40 (1982). The legislature may not abolish an existing common law right or action for personal injuries. *Cf. Saylor v. Hall*, Ky., 497 S.W.2d 218 (1973).

It is the manifest purpose of the Constitution to preserve and perpetuate the common law right of any citizen injured by the negligent acts of another to sue or recover damages for his injury. *Saylor, supra.*

The decision of the Court of Appeals is affirmed, and this matter is remanded to the circuit court to proceed with trial.

STEPHENS, C.J., and COMBS, LAMBERT and LEIBSON, JJ., concur.

VANCE, J., dissents by separate opinion in which GANT, J., joins.

VANCE, Justice, dissenting:

The question is whether K.R.S. 44.073(8), (11), (12) effective July 15, 1986, provide immunity to the Commonwealth and its officers and agents from suits filed against them prior to the effective date of the act.

This litigation was commenced by Archie Hall and his wife, Elina Hall, against Humana of Virginia, Inc.; Humana, Inc.; University of Louisville Hospital, Inc.; University of Louisville, and John R. Johnson, M.D. seeking recovery for negligent medical treatment. The University of Louisville and Dr. Johnson pleaded sovereign immunity and moved to dismiss the action as to them. The motion was denied, and original proceedings were instituted in the Court of Appeals seeking to prohibit the trial of the action. The Court of Appeals denied the petition, and an appeal has been perfected in this court.

In *Dunlap v. University of Kentucky Student Health Services Clinic,* Ky., 716 S.W.2d 219 (1986), we held that K.R.S. 164.-939–944 constituted a waiver of governmental immunity for the University of Kentucky to the extent of the statutorily provided insurance fund. A similar statutory insurance fund exists for the University of Louisville, and *Dunlap* would extend the same waiver of immunity to it.

Subsequent to the decision of *Dunlap,* the General Assembly enacted K.R.S. 44.-072 and 44.073(8), (11), (12). They provide as follows:

K.R.S. 44.072:

"It is the intention of the general assembly to provide the means to enable a person negligently injured by the Commonwealth, any of its cabinets, departments, bureaus or agencies, or any of its officers, agents or employes while acting within the scope of their employment by the Commonwealth or any of its cabinets, departments, bureaus or agencies to be able to assert their just claims as herein provided. The Commonwealth thereby waives the sovereign immunity defense only in the limited situations as herein set forth. It is further the intention of the general assembly to otherwise expressly preserve the sovereign immunity of the Commonwealth, any of its cabinets, departments, bureaus or agencies or any of its officers, agents or employes while acting in the scope of their employment by the Commonwealth or any of its cabinets, departments, bureaus or agencies in all other situations except where sovereign immunity is specifically and expressly waived as set forth by statute. The board of claims shall have exclusive jurisdiction to hear claims for damages, except as otherwise specifically set forth by statute, against the Commonwealth, its cabinets, departments, bureaus, agencies or any of its officers, agents or employes while acting within the scope of their employment by the Commonwealth, its cabinets, departments, bureaus or agencies."

K.R.S. 44.073 subsections:

"(8) No action for negligence may be brought in any court or forum other than the board of claims against the Commonwealth, any of its cabinets, departments, bureaus or agencies or any of its officers, agents or employes while acting within the scope of their employment by the Commonwealth, or any of its cabinets, departments, bureaus or agencies."

. . . .

"(11) Except as otherwise provided by this chapter, nothing contained herein shall be construed to be a waiver of sovereign immunity or any other immunity or privilege maintained by the Commonwealth, its cabinets, departments,

bureaus and agencies and its officers, agents and employes.

"(12) Except as otherwise specifically set forth by statute and in reference to subsection (11) of this section, no action for damages may be maintained in any court or forum against the Commonwealth, any of its cabinets, departments, bureaus or agencies or any of its officers, agents or employes while acting within their official capacity and scope of their employment by the Commonwealth or any of its cabinets, departments, bureaus or agencies."

In *Kestler v. Transit Authority of Northern Kentucky,* Ky., 758 S.W.2d 38 (1988), we held that K.R.S. 44.072 did not apply retroactively so as to prohibit suits against the Commonwealth instituted prior to its enactment in situations similar to *Dunlap.*

The opinion in *Kestler* did not consider the applicability of K.R.S. 44.073(8), (11), (12) as to the question of immunity of the Commonwealth from suit.

In this case the appellants contend that K.R.S. 44.073(8), (11), (12) prohibit both the bringing and the maintaining of a suit against the Commonwealth and its officers. There is a distinct difference between the bringing of an action and the maintenance of an action. Bringing an action is the commencement of an action. That is done by filing a complaint and the issuance of summonses. CR 3. Maintenance of an action refers to the ongoing procedures after the action is brought.

"To maintain a suit is to uphold, continue on foot and keep from collapse a suit already begun."

*Smallwood v. Gallardo,* 275 U.S. 56, 48 S.Ct. 23, 72 L.Ed. 152 (1927).

Whatever waiver of immunity was given by K.R.S. 164.939–944 it was clearly and expressly withdrawn by K.R.S. 44.073(11) and (12), even to the extent of prohibiting, after the effective date of the act, the further maintenance of an action commenced before the effective date of the act. The prohibition against maintenance of the action is not retroactive application of the act; it is prospective only and prohibits only the future continuation of the action.

The majority opinion holds that Dr. Johnson, an employee of the Commonwealth, is not entitled to immunity under the statute because governmental immunity of an agency of government cannot be extended constitutionally to employees of the agency. I agree that this attempted statutory extention of immunity to an employee under the circumstances of this case would not pass constitutional muster if the appellees had raised the issue of the constitutionality of the statute. This issue was not raised, however.

Ordinarily, courts do not declare statutes unconstitutional if there is another basis for disposition of the case. It is surprising to me that this court would declare the statute unconstitutional insofar as it extends immunity to state employees when that issue was not even raised, nor was it decided by the trial court.

The majority opinion states that if the legislature had intended to prevent the continued progress of lawsuits underway, Section 8 of the statute could have said: "No action for negligence could be brought or maintained."

This is precisely what the statute says. Section 8 states that no action can be brought, and Section 12 states that no action can be maintained.

I would hold that K.R.S. 44.073 prevents the continued maintenance of this action against the University. Because the statute specifically prohibits the continuation of the action against an employee of the Commonwealth, such as Dr. Johnson, and because the constitutionality of the statute has not been placed in issue, I would also dismiss the action as to Dr. Johnson.

GANT, J., joins in this dissent.