Dr. Richard C. GOULD, Dr. Napoleon Ramilo and Dr. Charles Young, Appellants,

v.

Honorable Earl O'BANNON, Jr. Judge, Jefferson Circuit Court and Mrs. Floria Farler (real party in interest), Appellees.

No. 87–SC–654–MR.

Supreme Court of Kentucky.

Feb. 9, 1989.

Rehearing Denied June 8, 1989.

Ben J. Talbott, Jr., Timothy J. Salansky, Westfall, Talbott & Woods, Thomas H. Lyons, University Counsel, University of Louisville, Louisville, for appellants.

William R. Weinberg, Hindman, for appellees.

Hargadon, Lenihan, Harbolt & Breen, Richard M. Breen, Louisville, for real party in interest Floria Farler.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which denied a petition

for extraordinary relief pursuant to CR 76.36 seeking to prohibit the Jefferson Circuit Court from exercising further jurisdiction over a medical malpractice suit against three physician employees of the University of Louisville, an agency of the Commonwealth.

The principal issue is whether the circuit court can continue to exercise jurisdiction over such a cause of action or whether the Board of Claims has primary and exclusive jurisdiction pursuant to KRS 44.073(12) which provides in part that no action for damages may be maintained against the Commonwealth or its agents except in the Board of Claims.

The three doctors are members of an anesthesiology team who were allegedly negligent in regard to the insertion of a needle for a catheter which cut the patient's artery causing cardiac arrest and ultimately death. The deceased had entered the emergency room for skin grafting as a result of serious industrial burns. The three doctors deny any negligence and argue that the court lacks jurisdiction over them and the subject of this litigation because of sovereign immunity. The circuit court overruled their motion for summary judgment and the Court of Appeals denied a request for a writ of prohibition. They have now perfected an appeal to this Court.

The hospital is not a party to this appeal but was named as a defendant in the original lawsuit. Obviously, an important party in any medical malpractice case is the hospital. Active negligence is alleged on the part of the hospital as well as vicarious liability for the doctors' conduct. The defense of sovereign immunity is claimed by both the hospital and the doctors. In order to avoid the vice of piecemealing of issues, this Court must decide the validity of the doctors' claims so that the litigation, if it is to proceed, will be orderly.

The doctors argue that the word "maintain" as used in KRS 44.073(12) is a bar to the plaintiff's claim. We disagree.

█ A statute has no retroactive application unless it is specified in the statute expressly. KRS 446.080(3). Use of the word "maintain" in the statute must be considered in the context that the statute is a package consisting of subsections 11, 12 and 13. If the General Assembly had intended any procedural impact upon cases already in progress, subsection 8 could have been phrased so that no action could be brought or maintained. We do not quarrel with the right of the legislature to explain, define or extend or limit the provisions for suit against the state embodied in Constitution § 231. However, any changes as to sovereign immunity are substantive and not procedural in nature. The General Assembly can, by appropriate law, vitiate the interpretations of statutory law and case law but, unless expressly provided, it can do so only in a prospective manner as distinguished from a retroactive or *ex post facto* way. As it is used in the statutes in question, the word "maintain" relates to the existence of a cause of action in the context of commence or begin. *See* Black's Law Dictionary, 5th Ed. p. 859.

Reliance on *Smallwood v. Gallardo*, 275 U.S. 56, 48 S.Ct. 23, 72 L.Ed. 152 (1927) is misplaced because in that case the court was careful to point out that the statute and its interpretation did not affect or impair the *vested* rights of the petitioners and that they still had other methods to achieve their legal goals. Here, the plaintiffs vested rights would be substantially impaired by a refiling with the Board of Claims. Any reasonable interpretation of the law does not allow KRS 44.073 to be applied retroactively so as to reduce or invalidate any pending claim.

Individual state employees are accountable for their actions and torts. The state is also vicariously liable in the Board of Claims. The Court is not unmindful that in many situations, the practical economic realities effectively insulate the individual employee from suit, but that may not be the case in regard to medical employees. Nonetheless individuals must be accountable for their conduct.

█ There is a distinction between discretionary and ministerial functions of state employees. Discretionary acts will not result in liability when negligently per-

formed. The administration of medical care is a ministerial function by employees, including doctors. Compliance with the applicable standard of care does not involve a discretionary governmental function. State officers have frequently been held responsible for their ministerial conduct. *See Whitt v. Reed*, Ky., 239 S.W.2d 489 (1951); 43 Am.Jur. *Public Officers* § 279.

 The three physicians in the university hospital have no special protection by means of sovereign immunity. *Happy v. Erwin*, Ky., 330 S.W.2d 412 (1959) provides that a statute which purports to extend sovereign immunity to the personal liability of its employees violates Sections 14, 54 and 241 of the Kentucky Constitution. Our Constitution specifically prohibits the abolition or dimunition of legal remedies for personal injuries. *Carney v. Moody*, Ky., 646 S.W.2d 40 (1982). The legislature may not abolish an existing common law right or action for personal injury. *Saylor v. Hall*, Ky., 497 S.W.2d 218 (1973).

It is the manifest purpose of the Kentucky Constitution to preserve and perpetuate the common law right of any citizen injured by the negligent acts of another to sue or recover damages for such injuries. *Saylor, supra.*

The decision of the Court of Appeals is affirmed and this matter is remanded to the circuit court to proceed with trial.

All concur, except VANCE, J., who writes a separate opinion concurring in result only.

GANT, J., joins in his opinion.

VANCE, Justice, concurring in result.

I concur in the result reached by the majority. In this case, unlike the case of *The University of Louisville and John R. Johnson, M.D. v. Honorable Earl O'Bannon, Judge, Jefferson Circuit Court, Archie B. Hall and Elina Hall, real parties in interest*, 770 S.W.2d 215, this day decided, the constitutionality of the statute, insofar as it attempts to extend immunity of an agency of government to the employees of the agency, was clearly in issue and was, in my opinion, correctly decided by the majority.

For the reasons expressed in my dissent in *The University of Louisville and John R. Johnson, M.D. v. Honorable Earl O'Bannon, Judge, Jefferson Circuit Court, Archie B. Hall and Elina Hall, real parties in interest*, this day decided, I disagree with the majority that the "bringing of an action" referred to in Section 8 of the statute means the same thing as "maintaining an action" referred to in Section 12 of the statute.

GANT, J., joins in this opinion concurring in result.