Deborah BLUE, Appellant,

v.

Steven H. PURSELL, M.D. and Timothy Spaulding, M.D., Appellees.

No. 88–CA–1909–MR.

Court of Appeals of Kentucky.

Sept. 29, 1989.

Rehearing Denied Jan. 19, 1990.

Discretionary Review Denied by Supreme Court Sept. 19, 1990.

Kenneth H. Baker, James S. Scroghan, Margaret F. Timmel, Baker & Scroghan, Louisville, for appellant.

Douglas Farnsley, Carol Dan Browning, Stites & Harbison, Ben J. Talbott, Jr., Steven A. Edwards, Westfall, Talbott & Woods, Thomas H. Lyons, University Counsel, University of Louisville, Patrick W. Michael, Woodwards, Hobson & Fulton, Louisville, for appellees.

Before HOWERTON, C.J., HAYES and WEST, JJ.

HAYES, Judge:

Deborah Blue appeals from a summary judgment entered August 18, 1988 in Jefferson Circuit Court, dismissing her action against two physicians employed by Humana of Virginia, Inc., d/b/a Humana Hospital University.

The sole issue on appeal concerns whether KRS 44.070 *et seq.*, as amended effective July 15, 1986, operates to bar Deborah's negligence, assault and battery claims against these physicians.

This action was commenced in October, 1987, against Humana of Virginia, Inc.

[Humana], d/b/a Humana Hospital University [the Hospital], and three of its physicians, Dr. Steven H. Pursell, Dr. Jerry Pierce and Dr. T. Spaulding. The Hospital is owned by the Commonwealth but is operated by Humana pursuant to agreements with the University of Louisville, which utilizes the Hospital to provide practical training for students of the University of Louisville Medical School. Drs. Pursell and Spaulding are employed by the medical school.

Deborah's cause of action arose from an incident on October 16, 1986, when she was admitted to the Hospital complaining of abdominal pain. When the physicians discovered a tubal pregnancy, they procured Deborah's signature of consent to the following procedures: dilation and curettage, diagnostic laparoscope and possible laparotomy. Surgery was performed, and when she awoke she discovered that a hysterectomy had been performed without her consent, resulting in permanent sterilization. Deborah was 29 years old at the time.

Her action against the appellees was dismissed, however, on grounds of sovereign immunity and lack of subject matter jurisdiction. The appellees had argued that the Kentucky Board of Claims Act, KRS 44.070 et seq., as amended, vests exclusive jurisdiction over negligence claims against employees of the Commonwealth in the Board of Claims. Deborah's action against the remaining defendants is currently pending in Jefferson Circuit Court.

Kentucky Revised Statute 44.070 et seq., was amended effective July 15, 1986, in response to the Kentucky Supreme Court's opinion in *Dunlap v. University of Kentucky Student Health Services Clinic*, Ky., 716 S.W.2d 219 (1986), which held that The University of Kentucky Medical Center Malpractice Insurance Act, KRS 164.939 et seq., constituted a partial waiver of governmental immunity for the hospital to the extent that the insurance fund had been provided for by the statute. A similar statutory insurance fund exists for the University of Louisville. KRS 164.891—164.895.

The pertinent portions of the amended statute are as follows. KRS 44.072 provides, in part, that "[t]he board of claims shall have exclusive jurisdiction to hear claims for damages, except as otherwise specifically set forth by statute, against the Commonwealth, its cabinets, departments, bureaus, agencies or any of its officers, agents or employes while acting within the scope of their employment by the Commonwealth, its cabinets, departments, bureaus or agencies."

KRS 44.073 provides:

(1) For purposes of KRS 44.072, state institutions of higher education under KRS Chapter 164 are agencies of the state.

(2) The board of claims shall have primary and exclusive jurisdiction over all negligence claims for the negligent performance of ministerial acts against the Commonwealth, any of its cabinets, departments, bureaus or agencies, or any officers, agents of employes thereof while acting within the scope of their employment by the Commonwealth, or any of its cabinets, departments, bureaus or agencies.

\* \* \* \* \* \*

(8) No action for negligence may be brought in any court or forum other than the board of claims against the Commonwealth, and of its cabinets, departments, bureaus or agencies or any of its officers, agents or employes while acting within the scope of their employment by the Commonwealth, or any of its cabinets, departments, bureaus or agencies.

\* \* \* \* \* \*

(14) The filing of an action in court or any other forum or the purchase of liability insurance of the establishment of a fund for self-insurance by the commonwealth, its cabinets, departments, bureaus, or agencies or its agents, officers or employes thereof for a government related purpose or duty shall not be construed as a waiver of sovereign immunity or any other immunity or privilege thereby held. Except as specifically set forth by statute, no counterclaim, setoff, recoupment, cross-claim or other form of avoidance of the claim for damages may be asserted by any person when suit is

brought against said person by the Commonwealth or any of its cabinets, departments, bureaus or agencies thereof.

Deborah raises numerous arguments in support of her right of action in the Jefferson Circuit Court against the appellees. However, we feel that addressing them individually would serve no useful purpose, as it has just recently been decided by this Commonwealth's highest court that KRS 44.070 *et seq.*, is unconstitutional insofar as it extends immunity to state employees:

> The three physicians in the university hospital have no special protection by means of sovereign immunity. *Happy v. Erwin*, Ky., 330 S.W.2d 412 (1959), provides that a statute which purports to extend sovereign immunity to the personal liability of its employees violates Sections 14, 54 and 241 of the Kentucky Constitution. Our Constitution specifically prohibits the abolition or diminution of legal remedies for personal injuries. *Carney v. Moody*, Ky., 646 S.W.2d 40 (1982). The legislature may not abolish an existing common law right or action for personal injury. *Saylor v. Hall*, Ky., 497 S.W.2d 218 (1973).

> It is the manifest purpose of the Kentucky Constitution to preserve and perpetuate the common law right of any citizen injured by the negligent acts of another to sue to recover damages for such injuries. *Saylor, supra*.

*Gould v. O'Bannon*, Ky., 770 S.W.2d 220, 222 (1989). *See also The University of Louisville v. O'Bannon*, Ky., 770 S.W.2d 215 (1989). In *Gould*, the Court also held, contrary to the position of all parties to this appeal, that the administration of medical care is a ministerial rather than a discretionary function by employees, including physicians. The Court additionally reiterated the general rule that state officers have frequently been held accountable for their ministerial conduct. These cases answered the question left unanswered in *Guffey v. Cann*, Ky., 766 S.W.2d 55 (1989) and *Green River District Health Department v. Wiggington*, Ky., 764 S.W.2d 475 (1989).

As a result of the foregoing the Jefferson Circuit Court clearly has jurisdiction to hear this action and sovereign immunity does not apply to the appellees. Appellee Pursell argues that he was not one of the treating or "hands-on" physicians and therefore, as his function is in the aiding, advising, or supervising of gynecological residents, his acts were purely of a discretionary nature, entitling him to a cloak of immunity. This Court in *Thompson v. Hueker*, Ky., 559 S.W.2d 488 (1977), described the principals pertaining to the liability of a public officer performing discretionary rather than ministerial functions. We leave this determination to the trial court, as this argument was not used as a basis for his motion for summary judgment. Under *Thompson*, the court must not only consider whether the particular activity should be considered a discretionary function, but must also determine the degree of immunity or privilege involved, by reference to the Restatement (2nd) of Torts § 895 D(3) (1979).

Accordingly, the judgment of the Jefferson Circuit Court is reversed and remanded for proceedings consistent with this opinion.

All concur.