996 F.2d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Anthony BARNES, Petitioner-Appellant,
v.
Dewey SOWDERS, Warden, Respondent-Appellee.
 No. 92-6694.
 United States Court of Appeals, Sixth Circuit.
 June 25, 1993.
 
 Before MILBURN and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Michael Anthony Barnes, a Kentucky state prisoner proceeding without benefit of counsel, appeals from the order and judgment of the district court denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Barnes, an inmate at Kentucky's Northpoint Training Center, brought a petition for a writ of habeas corpus seeking more than 360 days' credit to be applied against his state sentence. More specifically, Barnes claimed that he was unconstitutionally denied "good-time" credits. He claimed that he is entitled to educational good-time credits of sixty (60) days each for programs completed during his incarceration in subjects such as Legal Aide Training, Living Skills, Radio/Television Repair, and Computer Literacy, as well as educational credit for a two-year college degree. Barnes also claimed he is entitled to good-time credit awards for "exceptional meritorious service or duties of outstanding importance" pursuant to KRS 197.045(3) because he performed legal services for other inmates "the same as if he were actually 'assigned' and employed in the ... legal aide office."
 
 
 3
 The case was submitted to a magistrate judge who recommended that the petition be denied. The district court reviewed the case in light of petitioner's objections to the magistrate judge's report and recommendation. The court found petitioner's objections to be "unartfully pleaded and difficult to construe." On review, the court found nothing in petitioner's objections not sufficiently addressed in the report and recommendation. The court denied the petition and struck it from the docket.
 
 
 4
 Upon review, we find no error. Barnes is not entitled to the educational good-time credit for two reasons. One, the educational courses for which he seeks credit do not meet the standards set forth in the applicable statute, KRS 197.045(1), and two, even if the courses met the statutory standard, the courses were completed before the statute was enacted into law and the statute does not provide for retroactive application.
 
 
 5
 "Good-time" credits are controlled by KRS 197.045. KRS 197.045(1) was amended effective July 13, 1990, to provide that "the Cabinet shall provide an educational good time credit of sixty (60) days to any prisoner that successfully completes a graduate equivalency diploma, a two (2) or four (4) year college degree, or who passes state certification for any vocational program provided by the Cabinet; prisoners may earn additional credit for each program completed." Prior to the effective date of KRS 197.045(1), no "educational good-time" credit was awarded.
 
 
 6
 The Commonwealth of Kentucky requires that in order to have retroactive effect, a statute must expressly provide for retroactive effect. Gould v. O'Bannon, 770 S.W.2d 220 (Ky.1989). Here the statute does not expressly contain language regarding retroactive application. KRS 446.080(3). Therefore, any educational course completed before the effective date of the statute is not entitled to an award of good-time credit. Accordingly, Barnes is not entitled to educational good-time credit for his claimed Associate's Degree (1974-1983), Living Skills Training (1979), Radio/Television Repair Training (1984), and Legal Aide Training (1976).
 
 
 7
 Educational good-time is given for a "Technical Diploma" as defined in Section IV of Corrections Policies and Procedures 20-01-01. A Technical Diploma is awarded for an instructional program designed to equip an inmate student with the knowledge and skills to get a job in business or industry. The diploma requires a student to complete course work; pass the Kentucky Vocational Achievenment Test (KVAT); complete Vital Issues Projects (VIP) Life Management employability skills; complete computer literacy of thirty hours; and, have a high school diploma or GED.
 
 
 8
 Barnes cannot claim to have a Technical Diploma or to be state certified. He offers no proof of passing the required KVAT in Radio/Television Repair, or of completing the course work in Carpentry. We conclude that the district court did not err in refusing to credit educational good-time against petitioner's sentence.
 
 
 9
 Accordingly, the order and judgment of the district court is hereby affirmed for the reasons set forth in the magistrate judge's report and recommendation dated November 2, 1992, as adopted by the district court. Rule 9(b)(3), Rules of the Sixth Circuit.