Greg SPECK, Appellant

v.

Marion BOWLING, Appellee.

No. 93–CA–1500–MR.

Court of Appeals of Kentucky.

Feb. 3, 1995.

F. Preston Farmer, Farmer, Kelley & Farmer, London, for appellant.

Rickey D. Bailey, Manchester, for appellee.

Before COMBS, JOHNSTONE and McDONALD, JJ.

*OPINION*

McDONALD, Judge.

On June 24, 1990, the appellant, Greg Speck, while driving east on state highway 687, crossed the center line of the highway and collided with the vehicle being operated by the appellee, Marion Bowling. The accident occurred in a sharp curve of the road. Although Speck denied he was speeding, he acknowledged he could not negotiate the curve without hitting the Bowling vehicle. Speck, a state trooper, had his blue lights on

but not his siren. Bowling and his granddaughter sustained injuries as a result of the accident. During the trial the child's claim was settled. The jury awarded Bowling $70,000 for lost wages, $260,000 for loss or impairment of power to earn future wages and $100,000 for pain and suffering. The $70,000 award for lost wages was reduced by $4,304, the amount Bowling received in no-fault benefits. Speck's post-judgment motions for a new trial or to alter, amend or vacate the judgment were overruled.

■ In his appeal Speck first argues the trial court lacked subject matter jurisdiction because Bowling had filed a claim against the Commonwealth for his injuries arising out of the accident before the Board of Claims. Apparently the appellee did file a complaint in the Board of Claims but the complaint was abandoned. Appellee's failure to prosecute the action to judgment renders meritless the appellant's effort to give it preclusive effect. *See Kentucky Commission on Human Rights v. Lesco Manufacturing & Design Company, Inc.*, Ky.App., 736 S.W.2d 361 (1987).

■ The appellant also contends that Bowling was barred from seeking relief in the circuit court by the doctrine of election of remedies. In our opinion the doctrine is totally inapplicable in this situation:

> The doctrine of election of remedies is predicated on inconsistency of remedies. The test of inconsistency is whether the remedies proceed from opposite and irreconcilable claims of right and must be so inconsistent that a party could not logically assume to follow one without renouncing the other.

*Reliance Insurance Company v. Commonwealth, Department of Transportation*, Ky. App., 576 S.W.2d 231, 237 (1979). That Bowling had two alternate or concurrent remedies does not invoke the doctrine. Even Speck admits the facts and theories necessary to prevail before the board are the same as those presented in the circuit court action. Simply, Bowling could seek a limited sum ($100,000) in the statutory procedure set out in KRS Chapter 44 *et seq.*, or file a tort action in circuit court. He ultimately pursued the latter route, trusting his fate to a jury rather than the administrative agency with the limitations it presents.

■ Next without merit is Speck's contention that he is protected from any liability for Bowling's injuries by the doctrine of sovereign immunity. Clearly, individuals are not afforded immunity for their negligence merely because of their status as state employees. *See Blue v. Pursell*, Ky.App., 793 S.W.2d 823 (1990); *Ashby v. City of Louisville*, Ky.App., 841 S.W.2d 184 (1992); *Gould v. O'Bannon*, Ky., 770 S.W.2d 220 (1989); *Board of Trustees of University of Kentucky v. Hayse*, Ky, 782 S.W.2d 609 (1989).

■ Recognizing the difficulty of overcoming the authority contained in the above cases, Speck asserts he is at a minimum entitled to the qualified immunity extended to public officers engaged in the exercise of discretionary duties. His argument presumes he was engaged in discretionary activity. Although his reasoning is not very articulate, Speck seems to argue that, as a state police officer "empowered to enforce the law," his actions in responding to a burglary were discretionary in nature. While we do not dispute his statement that an "individual officer is often left with hard choices in carrying out his duties," we disagree that an officer is free to operate his vehicle negligently or to put others on the roadways in danger in carrying out those duties. In determining that an officer's operation of a vehicle was ministerial rather than discretionary, the court in *Letowt v. City of Norwalk*, 41 Conn.Supp. 402, 579 A.2d 601, 603 (1989), citing *Catone v. Medberry*, 555 A.2d 328, 334 (R.I.1989), reasoned as follows:

> ... [W]hen the government or its agent engaged in an activity normally undertaken by private individuals in the course of their everyday lives, a duty arises under the common law to exercise reasonable care in the performance of this task. Governmental employees, like ordinary citizens, must operate their vehicles in a reasonable safe manner and avoid creating foreseeably unreasonable risks of harm to the motoring public.

Likewise, we hold Speck's actions were ministerial and that, as he was not engaged in a

discretionary governmental function at the time he collided with the appellee, he is not entitled to assert a qualified immunity. *See Gould, supra,* 770 S.W.2d at 222.

Finally in this regard, Speck contends that KRS 16.185,[1] which allows the Commonwealth to indemnify an officer for "actual financial loss, unreimbursed from any source" for negligence in the "line of duty," requires us to hold that he is protected by the doctrine of sovereign immunity to the extent of any damages in excess of his insurance coverage. To the contrary, by passing this statute the legislature has recognized that state troopers are exposed to personal liability and that it cannot pass legislation giving troopers immunity without offending the Kentucky Constitution. Nothing in KRS 16.185 purports to extend immunity to Speck. It does, we believe, give him relief in the form of indemnity for that part of the judgment in favor of Bowling not satisfied by Speck's insurer.

Next Speck argues that the trial court erred in failing to instruct the jury as to Bowling's duty to yield the right-of-way to an approaching emergency vehicle. This duty arises by virtue of KRS 189.930(1) which reads:

> Upon the approach of an emergency vehicle equipped with, and operating, one or more flashing, rotating, or oscillating red or blue lights, visible under normal conditions from a distance of five hundred (500) feet to the front of such vehicle; or the driver is given audible signal by siren, exhaust whistle, or bell, the driver of every other vehicle shall yield the right-of-way, immediately drive to a position parallel to, and as close as possible to, the edge or curb of the highway clear of any intersection, and stop and remain in such position until the emergency vehicle has passed, except when otherwise directed by a police officer or fire fighter.

We hold there was no error in refusing to instruct the jury that Bowling had a duty to yield to Speck as the evidence did not support such an instruction. Speck testified that he had turned the siren off. While he stated he had his blue lights on, it was undisputed that the accident occurred on an extreme curve in the road. Significantly, there was no testimony from which the jury could infer that Bowling could possibly have seen Speck's blue lights from a distance of 500 feet or at any distance to take evasive action or otherwise yield his side of the road. Without such evidence the trial court was correct in refusing the instruction as desired by Speck.

Speck further contends the trial court erred in denying his motion for a new trial due to the "contradictory nature" of Bowling's testimony as to the cause of his impairment. In addition to the law suit, Bowling filed a workers' compensation claim in which he claimed to be disabled due to causes

---

1. This statute reads:

 **16.185. Indemnification of State Police officer sued for act or omission in line of duty who suffers financial loss—Construction of indemnification.**—(1) Any officer who is sued for any act or omission in the line of duty and who has a judgment for monetary damages rendered against him in his individual capacity, and who personally suffers actual financial loss, unreimbursed from any source, by the enforcement and satisfaction of the judgment, including any costs or attorney fees awarded pursuant thereto, shall be indemnified by the Commonwealth, from funds appropriated to the Finance and Administration Cabinet for the payment of judgments, to the extent of his actual financial loss.

 (2) The indemnification shall be contingent upon an express determination by the commissioner that the act or omission which resulted in liability was within the scope and course of the officer's employment and occurred during the performance of duty and was committed or omitted in the good faith belief that the act or omission was lawful and proper.

 (3) If the officer seeking indemnification is the commissioner, the determination referred to in subsection (2) of this section shall be made by the Governor.

 (4) The indemnification shall not be construed to abrogate or limit any privilege, immunity, or matter of defense otherwise available to the officer and shall not constitute a waiver of any privilege, immunity, or matter of defense, including the sovereign immunity of the Commonwealth.

 (5) The indemnification shall not be the subject of comment, directly or indirectly, before any jury hearing any cause of action in which an officer is a party, and any comment before the jury shall result in an immediate mistrial. (Enact. Acts 1990, ch. 161, § 1, effective July 13, 1990.)

totally unrelated to the accident. At this trial he claimed to be unable to work due to the back injuries he sustained as a result of the automobile accident. Speck insists that the jury's award for future impairment of earning capacity was thus unfounded and without basis.

 That Bowling filed a workers' compensation claim for other physical impairments does not necessarily require a finding as a matter of law that Bowling did not sustain the injuries and damages he claimed in the accident. In any event, both that Bowling filed the workers' compensation claim and the conflict of his testimony before the board from that at trial were matters raised by Speck during the trial. The jury heard Bowling's testimony on cross-examination about his allegation of occupational disability due to causes other than the accident as well as the closing arguments of counsel. Apparently the jury was not impressed with Speck's tactics. As it is the quintessential function of the jury to determine the credibility of the witnesses, we find no error or abuse of discretion in the trial court's ruling for a new trial.

 Finally, Speck argues the jury's verdict should have been reduced by $10,000 rather than the $4,304 actually received by Bowling by his no-fault carrier. Clearly the judge erred in failing to give credit to Speck for the full $10,000. *See Dudas v. Kaczmarek,* Ky.App., 652 S.W.2d 868 (1983); KRS 304.39–060(2).

Accordingly, the judgment of the Clay Circuit Court is affirmed in all respects except for the set-off. The judgment is thus remanded for proper credit to be subtracted from the jury's award.

All concur.