Debra K. HENSON, Appellant,

v.

Tracy D. FLETCHER, Appellee.

No. 95–CA–002324–MR.

Court of Appeals of Kentucky.

Oct. 10, 1997.

Michael de Bourbon, Pikeville, for Appellant.

Marcia L. Wireman, Jackson, for Appellee.

Before EMBERTON, GUDGEL and JOHNSON, JJ.

*OPINION*

JOHNSON, Judge.

Debra K. Henson (Henson) appeals from the order of the Breathitt Circuit Court entered on August 2, 1995, which granted the motion of Tracy D. Fletcher (Fletcher) pursuant to Kentucky Rules of Civil Procedure 59.05, to alter or amend the judgment and award of $27,500 in Henson's favor following a jury trial in an automobile accident case. We reverse and remand.

On December 5, 1991, Henson was involved in an automobile accident caused by Fletcher near Jackson, Kentucky. Henson filed a complaint in the Breathitt Circuit Court on December 2, 1993. Her insurer, Geico Insurance Company (Geico), which had paid $6,918.87 in basic reparation benefits (BRB), intervened to protect its right of subrogation against Fletcher's insurer, Kentucky Farm Bureau Mutual Insurance Company. Fletcher stipulated liability at trial. The jury returned a verdict awarding Henson $34,418.87 in damages as follows: $6,918.87 for medical expenses (the most the instructions allowed it to award); $15,000 for future medical expenses; $10,000 for the permanent impairment of her power to earn money; and, $2,500 for pain and suffering. The final judgment of May 25, 1995, awarded Henson $27,500 (the amount of the jury's verdict less the BRB paid by Geico) and awarded Geico, $6,918.87 on its intervening complaint.

Fletcher moved the trial court to alter or amend the judgment to reduce Henson's award by an additional sum of $3,081.13, the difference between Geico's maximum liability for no-fault benefits pursuant to Kentucky Revised Statutes (KRS) 304.39–060(2), and the $6,918.87 Geico had already paid. Despite Henson's response, which conceded that she was not entitled to any further BRB from Geico, the trial court entered an order reducing the judgment by $3,081.13.

■ The sole issue in this appeal is whether the trial court erred as a matter of law in its application of the provisions of KRS 304.39–060(2) in reducing Henson's award by $10,000 instead of the amount of BRB actually payable. We hold it clearly so erred. KRS 304.39–060(2)(a) reads:

Tort liability with respect to accidents occurring in this Commonwealth and arising from the ownership, maintenance, or use of a motor vehicle is "abolished" for damages because of bodily injury, sickness or disease *to the extent the basic reparation benefits provided in this subtitle are payable therefor,* or that would be payable but for any deductible authorized by this subtitle, under any insurance policy or other method of security complying with the requirements of this subtitle, except to the extent noneconomic detriment qualifies under paragraph (b) of this subsection [emphasis added].

Under this statute, "an injured party is not entitled to an award of damages from the defendant in the trial on liability for any item of damages which was compensated by BRB". *Progressive Casualty Insurance Company v. Kidd,* Ky., 602 S.W.2d 416, 417 (1980). However, not all damages arising from an automobile accident are compensable as BRB. The term "basic reparation benefits" is defined in KRS 304.39–020(2) as benefits "for net loss suffered through injury arising out of the operation, maintenance or use of a motor vehicle[.] ..." "Loss" is defined in the same statute at subsection (5) as the *"accrued* economic loss consisting only of medical expense, work loss, replacement services loss, and, if injury causes death, survivor's economic loss and survivor's replacement services loss [emphasis added]."

■ In every case cited in Fletcher's brief, the injured party had *accrued* medical expenses and/or lost wages in excess of $10,000. Whether the plaintiffs in those cases had applied for or collected BRB, such benefits were "payable," thus requiring the maximum amount of BRB to be deducted from the jury's award. *See e.g., Speck v. Bowling,* Ky.App., 892 S.W.2d 309 (1995); *Bohl v. Consolidated Freightways Corporation of*

*Delaware,* Ky.App., 777 S.W.2d 613 (1989); and *Dudas v. Kaczmarek,* Ky.App., 652 S.W.2d 868 (1983). In this case, it was stipulated at trial that Henson had accrued, and Geico had paid, $6,918.87 in medical expenses. For that reason, the jury was instructed that the most it could award Henson in past medical expenses was $6,918.87. All other items of damage awarded by the jury, including future (and thus by definition "unaccrued") medical expenses, impairment of her power to earn money (another unaccrued loss) and pain and suffering (a noneconomic loss), are not those types of damages "abolished" by operation of KRS 304.39–060(2)(a). For this reason, these damages are not "payable" to Henson by Geico.

We find *Slone v. Caudill,* Ky.App., 734 S.W.2d 480 (1987), in which this Court rejected the "double recovery" argument made by Fletcher, to be controlling. Caudill was awarded $5,000 for past and future medical expenses, $5,000 for future loss of wage-earning capacity, and $15,000 for pain and suffering. This Court held that only $2,059.12, that amount established as accrued medical expenses, was properly deductible from the $25,000 award. Fletcher fails to address *Slone, supra,* in her brief. Nevertheless, *Slone* dispels any notion that the damages awarded to Henson, other than the past medical expenses, are "payable" as BRB as contemplated by the provisions of our no-fault statute. Because Henson did not accrue more than $6,918.87 in BRB, the trial court erred in reducing her award by more than that sum.

Accordingly, the judgment of the Breathitt Circuit Court is reversed and remanded for entry of a judgment consistent with this Opinion.

All concur.