[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTIONS FOR SUMMARY JUDGMENT
These motions for summary judgment raise the issue of governmental immunity in the context of the operation of a motor vehicle. For the reasons set forth below, the operation of a motor vehicle is a ministerial act that does not confer governmental immunity.
The parties have filed cross motions for summary judgment on this issue. The submissions of the parties show that on July 3, 1993, the individual defendant, Michael Bonfiglio, was a Branford police officer operating a police cruiser in the course of his employment. While driving his car, he heard an explosion of fireworks and took his eyes off the road. He then struck the plaintiff's vehicle in the rear, allegedly causing various injuries.
The plaintiff commenced this action on May 5, 1995, against Bonfiglio and the Town of Branford. His complaint is in two counts. The first count is against the Town. The second count is against Bonfiglio. Each count alleges common law negligence.
On January 14, 1998, the plaintiff filed a motion for summary judgment accompanied by documents showing that Bonfiglio was negligent. On March 25, 1998, the defendants filed a competing motion for summary judgment claiming governmental immunity. Both motions were heard on March 30, 1998. CT Page 3309
The issues were clarified significantly at oral argument. First, the plaintiff conceded that he claims no independent negligence on the part of the Town and that he seeks summary judgment on only the second count against Bonfiglio. Consequently, only the second count is in issue here. Second, the plaintiff seeks summary judgment on that count only as to liability. Third, the defendants expressly conceded negligence on Bonfiglio's part. The only defense that they assert is that of governmental immunity.
The concession by the defendants just described brings us squarely to an issue of law. Summary judgment is rarely granted in automobile accident cases because the issue of negligence is ordinarily one for the trier of fact. In this case, however, negligence is expressly conceded. The issue of governmental immunity must necessarily be addressed.
The defendants claim that Bonfiglio's operation of his police cruiser was a discretionary act because he was investigating a crime (the discharge of fireworks) at the time and because his attention was diverted by yet another crime (yet another discharge of fireworks) when the accident happened. Although these assertions might arguably support a claim of reasonable care on Bonfiglio's part, no such claim is made here. The argument that is made is that these circumstances immunize Bonfiglio from the consequences of concededly negligent driving. This claim is unpersuasive.
The issue presented here is the subject of a thoughtful analysis by Judge Lewis in Letowt v. City of Norwalk,41 Conn. Sup. 402, 579 A.2d 601 (1989). Judge Lewis explains that, "`[W]hen the government or its agent engages in an activity normally undertaken by private individuals in the course of their everyday lives, a duty arises under the common law to exercise reasonable care in the performance of this task. Governmental employees, like ordinary citizens, must operate their vehicles in a reasonably safe manner and avoid creating foreseeably unreasonable risks of harm to the motoring public.'" Id. at 406 (quoting Catone v. Medberry, 555 A.2d 328, 334 (R.I. 1989)).
Of course the decision as to which crime scene to investigate is a discretionary act. If the claim against Bonfiglio was that he had negligently selected the crime scene that he was investigating the defendants would have a compelling defense of governmental immunity. But the act of driving to a crime scene is CT Page 3310 different. An officer is not "free to operate his vehicle negligently or to put others on the roadways in danger." Speck v.Bowling, 892 S.W.2d 309, 311 (Ky.Ct.App. 1995). As Judge Lewis explains, "Ordinary citizens drive their cars every day, not just police officers, and hence the operation of a motor vehicle would be deemed ministerial." Letowt v. City of Norwalk, supra,41 Conn. Sup. at 406.
Judge Lewis' analysis is consistent with that of the generally recognized body of law on the subject. In addition to the authorities already cited see Woods v. Moody, 933 S.W.2d 306,308-09 (Tex.App. 1996); Prosser and Keeton on the Law of Torts
1062 (5th ed. 1984); and the authorities cited therein.
For the reasons set forth above, the plaintiff's motion for summary judgment is granted only as to the second count and only as to liability. The defendants' motion for summary judgment is denied.
Jon C. Blue Judge of the Superior Court